### McILHENNY v. ELDRIDGE. (No. 6636.)

(Court of Civil Appeals of ·Texas. San Antonio. Nov. 30, 1921. Rehearing Denied Dec. 21, 1921.)

Husband and wife ⬤⇒158—Married woman may become surety for third person.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4624, providing that a wife shall never be the joint maker of a note or a surety on any bond or obligation of another, without the joinder of her husband with her in making the contract, a married woman has power to become surety for another, if her husband joins her in the undertaking.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by T. A. Eldridge against Ned McIlhenny, executor of Mrs. William Debth, deceased, and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Clamp, Searcy & Clamp, of San Antonio, for appellant.

C. A. Davies, R. L. Neal, Marcus W. Davis, and Davis & Long, all of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee against William Debth, Mrs. C. E. Murray, and appellant as independent executor of the estate of Mrs. William Debth, deceased, to recover on a promissory note executed by Mrs. Debth and Mrs. Murray, payable to the order of the Alamo Commission Company, of which appellee is sole owner, for the sum of $2,000, payable in monthly installments of $75. It was alleged that the note was also signed by William Debth, husband of Mrs. William Debth, and that three installments, together with all interest up to April 15, 1920, had been paid on the note. Mrs. Debth and her husband were alleged to be sureties; Mrs. C. E. Murray being the principal. A jury was waived, and judgment rendered by the court that appellee

recover of Mrs. C. E. Murray, as principal, the balance due, and against the independent executor of the estate of Catherine R. Debth, as surety, and that appellee recover nothing as against William Debth, who signed the note pro forma as husband of Catherine R. Debth. This appeal is prosecuted by the independent executor alone.

The only assignment of error assails the judgment against the estate of Catherine R. Debth, because she was a married woman when she signed the note; the proposition being that it is provided that a married woman cannot become liable as a surety, even though she be joined by her husband. This suit was instituted during the lifetime of Mrs. Debth, and the record fails to show that she or her husband pleaded her coverture; but that plea was not interposed until her independent executor saw proper to seek to avoid her liability by a plea of coverture. This was probably permissible on his part, as he does not occupy the position of a third person endeavoring to profit by pleading coverture for a married woman.

Article 4624, Vernon's Sayles' Civil Statutes, provides:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children: Provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of · another without the joinder of her husband with her in making such contract."

The last clause is plain, and undoubtedly clothes the married woman with the power to become a surety for another, if her husband joins her in the undertaking. In the opinion of the Supreme Court, in the case of Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, although at least a part of the law contained in articles 4621, 4622, 4623, and 4624, which were deemed to have increased the power and authority of married women in controlling their separate property and in entering into contracts, was criticized, it reaches the conclusion that the wife might, by joining with her husband, become surety for another, and that the language used "was the conferring of an original power—one with which she was not theretofore invested." However much the laws in question have been weakened and in part destroyed by the decision, that part giving the wife the right to go surety for another, if joined by her husband, remains intact under the decision.

The judgment is affirmed.