## LEE v. HALL MUSIC CO. (No. 365.)

Court of Civil Appeals of Texas. Eastland.
Dec. 2, 1927.

Rehearing Denied Feb. 3, 1928.

**1. Husband and wife ⊕═65—Contract for piano by married woman whose husband was insane held binding on wife.**

Contract for piano by married woman whose husband was permanently insane and under adjudication of lunacy and confined in aslyum *held* to bind wife, notwithstanding 'that it was not made for necessaries either for herself or her children, or with respect to either community or separate property; rule being same as where husband permanently abandons wife, or is under judgment for felony.

**2. Husband and wife ⊕═79—Wife's capacity to contract is judged by common law except as modified by statute.**

Wife, with respect to her power to contract, is under same disabilities as existed in common law except as modified by statute.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by the Hall Music Company against Mrs. Viola Lee. Judgment for plaintiff, and defendant appeals. Affirmed.

Brooks Smith & Robertson, of Anson, for appellant.

Scarborough & Wilson, of Abilene, for appellee.

PANNILL, C. J. The appellee brought suit against appellant to recover on certain promissory notes executed by the appellant and sought only a personal judgment against her. The defendant answered, pleading her coverture. It was shown that at the time the notes were executed the appellant was a married woman and that her husband had theretofore been adjudged insane and was confined in an asylum under said adjudication at the time the notes were made. The notes were not executed for necessaries for appellant nor in respect to any separate property owned by her, nor in the management or control in any way of the community. The consideration for the notes was the sale by appellee to appellant of a piano. On the trial the only judgment rendered was a personal judgment against appellant, from which she has appealed.

[1] The one question presented for decision is: Does the contract of a married woman, whose husband is permanently insane and under an adjudication of lunacy and confined in an asylum, bind the wife, where the contract is not made for necessaries either for herself or children, or with respect to either the community or her separate property? That is, may a married woman so situated contract as though she were discovert? The interrogatory thus propounded is of paramount importance and appears to be unanswered and without a direct decision on the point in this state. Our statutes, in defining the rights and privileges of married women, do not apparently touch the question. These provide the manner in which she may assume the control and management of the community estate when her husband is insane (articles 3662, 3663, 3678, R. S. 1925; Howell v. Fidelity Lumber Co. [Tex. Com. App.] 228 S. W. 181), or sell or incumber her separate estate or homestead (articles 4617, 4618, Id.). But the contract now under consideration, falling within none of the cases embraced within either of the articles referred to, would evidently not be controlled by them.

[2] Under our law, the wife, with respect to her power to contract, is under the same disabilities as existed in the common law, except as modified by statute. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923. The Legislature having failed to provide rules governing the power attempted to be exercised in the present case, we are relegated to common-law precedents. To hark back to the common law with its archaic ideas as to the rights of married women, in order to determine her present legal situation in Texas, would appear in this day of aggressive femininity, somewhat out of date, but the conservatism of the law requires it. Consideration of common-law maxims, however, finds no clear answer to the query stated above. There, where the husband had adjured the realm, been banished or convicted of a felony, the wife thus thrown upon her own resources could contract as a feme sole. These rules, as adapted to conditions in America, have given to the wife the power to contract as a discovert when permanently abandoned by her husband or when he is under judgment for a felony. Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200.

The reason for the rule is founded in the necessity for allowing a deserted wife, thrown upon her own resources, to enjoy the full legal right of contract in order to maintain herself. The reason for the rule should furnish a direct analogy where the husband is adjudged insane and confined in an asylum. The necessities of the wife are as great in the latter as in the former case. It is said that the privileges and disabilities of cover-

---

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ture are correlative, and when the wife is deprived of the first, the latter should be removed. Cullers v. James, 66 Tex. 494, 1 S. W. 314.

Consequently, many expressions are found in the decisions that an adjudication of lunacy removes the disabilities of the wife the same as desertion or conviction for a felony.

In the case just cited, the Supreme Court say:

"At common law, the civil, as well as the natural, death of the husband restored to the wife her rights and powers as a feme sole, if she was thus deprived of the benefits of marriage. Wheat Selw. tit. 'Baron & Fem.' In Texas practically, the protection and disability of marriage have been linked together, and the wife, when deprived of the one, has been released from the other. Ezell v. Dodson, 60 Tex. 331, and cases cited. Humanity requires that when thrown upon her own resources by the abandonment of her husband, or by his lunacy or imbecility, she shall be unfettered in her struggle for existence and independence."

In 13 R. C. L. p. 1257, § 294, is found the following:

"It would seem that if a husband is adjudged a lunatic, the wife will have capacity to contract as a feme sole."

The cases cited as so declaring are those where the wife was suing to recover damages for a tort committed against her person or to recover her personal earnings where the husband had been convicted of insanity. In the few cases where, under such circumstances, a personal judgment was sought against her, her personal liability has been denied, where neither her separate nor the community property was involved. Pike v. Clark, 40 N. H. 9, 77 Am. Dec. 698; Shaw v. Thompson, 16 Pick. (Mass.) 198, 26 Am. Dec. 655; McAnally v. Alabama Insane Hospital, 109 Ala. 109, 19 So. 492, 34 L. R. A. 323, 55 Am. St. Rep. 923.

Judge Speer likewise so states the rule in his "Law of Married Women," § 74:

"If he (the husband) has deserted her or is incarcerated in the penitentiary or insane, then she may not only make contracts, but may be sued as a feme sole."

But, as stated, the cases cited as supporting the statement quoted are such as contracts relating to the community property, made by an abandoned wife, on which she has been held liable, on the principle that she was a feme sole in fact, if not in law. Peck v. Morgan (Tex. Civ. App.) 156 S. W. 917; Crowder v. McLeod (Tex. Civ. App.) 151 S. W. 1166.

But, if it could be said that conviction of the husband for lunacy did not under the common law restore to the wife the privileges of discoverture, this would not settle the question. While, as stated in Red River National Bank v. Ferguson, the wife's capacity

to contract is to be judged by the common law except as modified by statute, yet the common law as such has never been entirely the law with reference to marital rights in Texas. Bradshaw v. Mayfield, 18 Tex. 21.

Our law concerning coverture has been an admixture of common and civil law, and the latter has been many times resorted to in order to ameliorate the harsh and rigorous rules of the former as related to wives. As plainly shown by the decisions of our Supreme Court, the tendency has been to disenthrall the wife and to accord to her such privileges and rights as are consistent with the preservation of the home and as accords with the advancement of Christian civilization. Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012, loc. cit. 1021, 1022.

Consequently, though the expressions in the cases that an adjudication of lunacy of the husband restores the right of the wife to contract as a feme sole were made in cases where the point was not directly presented for decision, yet we believe that such statements of the law are strictly in consonance with the settled policy of our jurisprudence to extend and enlarge her rights as justice may require and humanity may dictate, and should be applied to the present controversy, and that the incarceration of the husband in an asylum under a conviction of lunacy should unfetter the wife in her struggle for existence. Therefore the right of appellant to execute the notes in question is clear and her contract valid. It follows that the judgment of the trial court should be affirmed; and it is so ordered.