MRS. VIOLA LEE v. HALL MUSIC COMPANY.

No. 5111.   Decided January 21, 1931.
(35 S. W., 2d Series, 685.)

*Smith & Smith,* for plaintiff in error.

If it be true as held by the Court of Civil Appeals in this cause "that the status of the married woman as to her right to contract without being joined by her husband is not controlled by Art. 4617, supra, but that she is still under the common law as to her right to contract," then we cite the following authorities, which were holdings of the court under the old 1848 Statute: Noel v. Clark, 60 S. W., 356; Haas v. American Nat'l Bank, 94 S. W., 439; Hall v. Decherd, 131 S. W., 1133, a married woman is not liable on notes given by her alone for the price of a piano; Thompson v. Morrow, 147 S. W., 706; Fisher v. Sherer, 169 S. W., 1133; Shaw v. Procter, 193 S. W., 1104, a note signed by a wife, without being joined by her husband is void; Sewell v. Walton, 204 S. W., 371.

*Scarborough & Wilson,* for defendant in error.

A married woman whose husband is insane, and whose husband is in the asylum has power to contract as a feme sole, and notes signed by her will not be void. Anna Berta Lodge v. Leverton, 42 Texas, 18; Butler v. Robertson, 11 Texas, 142; B. R. Davis & Bros. v. Abby C. Saladee, 57 Texas, 326; Moss v. Ingram, 239 S. W., 1029; Walker v. Stringfellow, 30 Texas, 571.

A wife whose husband is insane and is confined in the asylum, does not have to be joined by her husband in suits against her for her debts. Clark v. Wicker, 30 S. W., 1114; Gilly v. Troop, 146 S. W., 954; Green v. Windham, 278 S. W., 1101; Keys v. Tarrant

County Bldg. & Loan Assn., 286 S. W., 593; Shields v. Aultman, 50 S. W., 218; Speer, Law of Married Women, 1901 Ed., 334, 335; Woodson v. Massenberg, 22 S. W., 106; Wright·v. Hays, 10 Texas, 130.

Mr. Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Hall Music Company sued Mrs. Viola Lee upon certain promissory notes executed by her in December, 1924. The plaintiff's petition does not disclose on its face that Mrs. Lee is a married woman; but Mrs. Lee, by answer filed, duly pleaded the fact of her coverture both at the time of suit and at the time the notes sued on were executed. By supplemental petition the plaintiff, the Music Company, averred that the husband of Mrs. Lee was permanently insane and confined in the State Insane Asylum at the time the notes sued on were executed, and so remained at the time of trial. There is no averment contained in the original petition or in the supplemental petition of any other fact than the insanity of Mr. Lee to show liability of Mrs. Lee, as a married woman, on the note. There is no allegation in the pleadings of the Music Company to show that the note was executed by Mrs. Lee for necessaries for herself and children, or for the benefit of her separate estate, or in the matter of the management and control by her of community property. In short, the consideration for the notes, or the purpose for which they were executed, is not alleged. The case was tried to the court without a jury. There is no statement of facts or bill of exception contained in the record. The trial court rendered a personal judgment against Mrs. Lee for the amount of the notes. The judgment contains the following recitals: "It appearing to the court that this suit was filed against Mrs. Viola Lee, and the defendant pleaded coverture at the time of the execution of the notes; and plaintiff, by supplemental petition, pleaded that coverture should not defeat plaintiff's cause of action, because at the date of the contract the defendant's husband had been permanently adjudged insane, and was confined in the insane asylum. The court heard the evidence in the case, and it appeared to the court, and the court finds as a fact that the defendant was a married woman at the time the note was executed but that her husband had been permanently adjudged insane, and was at the time duly committed by proper order of the court to the insane asylum, where he has continuously been confined since the order was entered, and that

the order was in full force and effect, and that the defendant's husband has been at all times since confined in the asylum under and by virtue of said order; the court was therefore of the opinion that the defendant had the authority to contract, and it appearing to the court that plaintiff's demand was liquidated, to-wit: certain promissory notes described in its petition, and the court after hearing the evidence, pleading, and argument, is of the opinion that plaintiff should recover."

From the above judgment Mrs. Lee appealed and the judgment was affirmed by the Court of Civil Appeals. 1 S. W., (2d) 932.

It will be observed from the foregoing statement of the case that personal liability of Mrs. Lee on the notes depends exclusively on her power to contract generally, on account of the insanity of her husband, without reference to the question of necessaries for herself and children (if there be any children) or to the control and management by her of property belonging to her separate estate, or to the community estate of herself and husband. The question as to whether or not the bare fact of the insanity of the husband will relieve the wife of the disabilities of coverture is presented for decision.

Relevant statutory provisions, existing when the notes were executed, were brought forward in the 1925 revision of the statutes, and, in the course of this opinion, will be referred to by article number as they appear there.

A married woman rests under the same disabilities, in respect to the power to contract, as she did at common law, except as modified by our statutes. Red River National Bank v. Ferguson, 109 Texas, 295, 206 S. W., 923. At common law, the wife, because of coverture, was, as a rule, disabled to contract. The mere fact that her husband was insane did not remove this disability. 30 C. J., 718; Shaw v. Thompson, 16 Pick. (Mass.) 198, 20 Am. Dec., 655; McAnnally v. Alabama Insane Asylum, 109 Ala., 109, 34 L. R. A., 223 and note, 55 Am. St., 923. No decision at common law has been found which holds that the wife, because of the insanity of the husband, had the power to bind herself to a contractual liability, even for necessaries. She was regarded, however, as having the powers of a feme sole if her husband was *civilly dead;* but "an insane person is not civilly dead. Civil death is that change in a person's legal and civil condition which deprives him of judicial capacities and qualifications, as natural death extinguishes his natural condition. In English law it followed as a consequence of being attainted of

treason or felony, and, anciently, by entering a monastery or abjuring the realm." Texas & P. Ry. Co. v. Bailey, 83 Texas, 19, 18 S. W., 481, 11 C. J., p. 794.

Our statutes impliedly invest the wife with power to contract for necessaries for herself and children, as well as for such expenses as are incidental to the management and control of her separate property and such community property as the statutes commit to her charge. R. S. Arts. 4614, 4621, 4623. Whitney Hardware Co. v. McMahon, 111 Texas, 242, 231 S. W., 694; Arnold v. Leonard, 114 Texas, 535, 273 S. W., 799; Gohlman Lester & Co. v. Whittle, 114 Texas, 548, 273 S. W., 808; Cauble v. Refining Co., 115 Texas, 1, 274 S. W., 120. She also has the implied power under Article 4623, to become, jointly with her husband, "the joint maker of a note or a surety on any bond or obligation of another. Save in the above respects, the statutes do not give her power to bind herself to personal liability for debts. Under the provisions of Article 3678, taken in connection with Article 3662, the wife, in case the husband be insane, is authorized to manage, control and dispose of the community property of herself and husband, if the latter have no separate property and there be no children. These provisions imply the same extent of power in the wife to contract, in matters which are incidental to the management, control and disposition of the property, as do the other statutes which are involved in the last cited decisions. No reasonable basis for a different interpretation of Articles 3678 and 3662, in their application to the wife of an insane husband, is perceived.

We conclude that, in view of existing statutes, the mere fact that her husband is insane does not have effect to enlarge the contractual powers of the wife, except in respect to community property as last mentioned. On the other hand, the fact that her husband is insane does not impair her power to contract in the other respects authorized by the statutes.

We recommend a consideration by the legislature of the propriety of so amending the provisions of Chapter 27, Title 54 of the Revised Statutes of 1925, as to give either spouse, while the other is insane, exclusive authority to manage, control and dispose of property belonging to the community estate, regardless of whether there be children or not, or whether the insane spouse have separate property or not.

The plaintiff in error insists that the husband is a necessary party to this suit, under the provisions of Article 1985, which provide

that "the husband and wife shall be joined in suits for separate debts and demands against the wife, but no·personal judgment shall be rendered against the husband."

If upon another trial, it should be developed by pleading and proof that the notes sued on are valid personal obligations of Mrs. Lee, the fact of her husband's insanity would afford 'legal justification for the prosecution of the suit on them against her alone. The above statute does not contemplate the joinder of the husband when he is incapacitated to defend the suit in behalf of the wife. The question is analogous to the requirement of law that the owner of a homestead, if a married person, cannot convey the same without· the joinder therein of the other spouse. It has been held that where such other spouse is insane such joinder is not indispensable, since the law in this respect will not be interpreted as requiring impossible things. Green v. Windham, 115 Texas, 162, 278 S. W., 1101.

Because the notes sued on are not shown by the plaintiff's pleadings to have been given by Mrs. Lee for a purpose authorized by law, and Mrs. Lee having pleaded· and established the fact of her coverture, no liability on her part appears. Speer on Marital Rights (3rd Ed.) Sec. 530; Trimble v. Miller, 24 Texas, 214; Menard v. Sydnor, 29 Texas, 257. The trial court erred, therefore, in rendering judgment against her for the amount of the notes. The judgment should be reversed and the cause remanded.

The foregoing opinion is adopted as the opinion of the Supreme Court and judgment will be entered in accordance therewith.

*C. M. Cureton*, Chief Justice.