## SHADE v. ANDERSON et al.
### No. 12438.

Court of ·Civil Appeals. of Texas.   Fort Worth.
March 14, 1931.

John B. Rhea and Robert ·Carswell, both of Wichita Falls, for appellant.

Kay & Akin, of Wichita Falls, for appellees.

DUNKLIN, J.

A. A. Anderson entered into a written contract with the state of Texas, represented by the state game, fish, and oyster commissioners, to construct a duplex superintendent's residence in Archer county in accordance with the provisions of the State Statutes and according to the specifications and plans annexed to and made a part of the contract. At the time the contract was entered into, Anderson also furnished and delivered to one of the commissioners a bond, which will be hereinafter set out.

Fred E. Shade was employed by Anderson's foreman and representative as a carpenter to do certain work on the building, and, while engaged in that service, he sustained an injury, and this suit was instituted by him to recover damages for that injury.

The suit was against A. A. Anderson, who it was alleged executed the bond as principal, and Harry Shack, W. T. Martin, J. W. Norwood, H. B. Hines, and G. W. Norwood, as sureties on the bond. A claim of liability against all of the defendants was based upon the terms of that bond.

It was further alleged, in substance, that, independently of the bond, the defendant Anderson was liable to the plaintiff for damages as a result of the injuries sustained by the plaintiff by reason of the fact that plaintiff was injured as the result of the negligence of one of Anderson's employees and while plaintiff was working on the building as a carpenter under an employment by Anderson. The charge of negligence was based upon allegations in substance that, while plaintiff was working at the front and side of the house, cutting in a door frame, a piece of building timber three feet long, two inches thick, and four inches wide fell from the roof of the house, striking plaintiff's · head and severely injuring him, that the piece of timber had been negligently and carelessly left on the roof without securing it, by one of Anderson's employees, and that the employee so leaving it knew or should have known, in the exercise of ordinary care, that the piece of timber would likely fall from the roof and endanger the safety of employees working around the side of the house, as plaintiff was working when he was injured, and that plaintiff did not know of its presence on the roof until it had fallen and struck him on the forehead.

In answer to special issues, the jury found that plaintiff sustained the injury alleged in his petition, including paralysis of one of his sides; that the same was caused by the negligence of one of the defendant Anderson's employees; that such negligence was the proximate cause of plaintiff's injury; and that the sum of $3,750 would be a reasonable compensation for the injuries which plaintiff sustained.

Judgment was rendered in plaintiff's favor against the defendant Anderson for the sum of $3,750, the amount assessed by the jury, but denying plaintiff any recovery against the

other defendants, to wit, Harry Shack, J. W. Norwood, H. B. Hines, W. T. Martin, and G. W. Norwood. It further appears from the judgment that plaintiff had already taken a nonsuit as to defendants Harry Shack and J. W. Norwood. From a denial of recovery against the other sureties, plaintiff appeals.

Article 5160 of the Revised Statutes of 1925 reads as follows: "Any person, firm, or corporation entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors."

Article 5161 gives the right to a creditor of the contractor to institute suit on the bond in the absence of any suit by the payee of the bond.

Following is the bond introduced in evidence by the plaintiff as the bond sued on:

"Know all men by these presents:

"That I, A. A. Anderson, of Wichita County, and the State of Texas, as principal, and H. B. Hines and J. W. Norwood, of Wichita County, and State of Texas, as surety, are held and firmly bound unto the State of Texas, and twenty five represented by the Game, Fish and Oyster Commissioner, in the penal sum of Two Thousand Seven Hundred ($2,-700.00) Dollars, lawful money of the United States, to be paid to the said State of Texas, for which sums of money well and truly to be paid, we bind ourselves, our heirs, successors, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 1st day of October, A. D. 1927.

"The condition of this obligation is such that if the said bounden principal, A. A. An-

derson, shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by him performed, and within the time therein mentioned, and shall pay all lawful claims for labor performed and material furnished in and about the construction of said house, and shall have paid and discharged all liabilities for injuries which have been incurred in and about the said construction, under the operation of the Statutes of the State, then this obligation is to be void; otherwise to be and remain in full force and virtue.

"Done in the presence of:

| | "Harry Shack | [Seal.] |
| | "W. T. Martin | [Seal.] |
| "——— | H. B. Hines | [Seal.] |
| "——— | J. W. Norwood | [Seal.]" |

■ The bond was more onerous than that provided by the statute, in that one of the obligations embodied in it was that the principal would discharge "all liabilities for injuries which have been incurred in and about the said construction." However, that fact would not of itself be sufficient to enable the defendants to escape liability, if, as shown in the record, it was executed voluntarily by the defendants, and if it was otherwise valid as a common-law obligation. Watkins v. Minter, 107 Tex. 428, 180 S. W. 227; Sullivan v. City of Galveston (Tex. Civ. App.) 17 S.W.(2d) 478; 5 Cyc. pp. 751, 752.

■ Nor could there be any valid objection to the binding effect of the bond that it was not signed by Anderson, the principal, since the evidence shows without dispute that he delivered it with the intention that it should become effective. 10 Tex. Juris, par. 152; 13 C. J. p. 305.

And, if the principal was bound by the bond, then the sureties could not escape liability merely on the ground that the bond was not signed by the principal. 21 R. C. L. p. 964; 50 C. J. p. 30.

In 10 Texas Juris par. 280, p. 483, this is said: "To entitle a third person to sue on a contract, it must have been made for his benefit as its object, and he must be the party intended to be benefited. It is not necessary that he be named in the contract, however, nor even that the particular person to be benefited be known when the contract was made; it is sufficient if a third person be in some measure pointed out and designated as the one intended. The person for whose benefit the contract is made must accept it. But a formal acceptance is not necessary; demanding payment of an indebtedness assumed by the promisor or bringing suit upon the contract is a sufficient acceptance."

■ The liability of the defendant Anderson for the negligence of his servant and by reason of which the judgment was rendered

against him was wholly independent of the bond, and therefore whether or not he was also bound by the bond is wholly immaterial.

However, the alleged liability as against the other defendants depended wholly upon the terms of the bond as alleged in plaintiff's petition; and there was a fatal variance between the bond offered in evidence by the plaintiff, set out above, and the terms of the bond alleged in plaintiff's petition and on which a recovery was sought. In plaintiff's petition it was specifically alleged that that bond was signed by the defendants "Harry Shack, W. T. Martin, G. W. Norwood, H. B. Hines and J. W. Norwood, as sureties, with the said A. A. Anderson as principal therein," and that the bond was "in the sum of Twenty Seven Hundred Twenty Five and 00/100 ($2,725) Dollars." It was further alleged that a copy of the bond was attached to the petition as Exhibit A. The exhibit so attached also recites that it was given in the penal sum of $2,725, and the only signers thereto are Harry Shack, W. T. Martin, H. B. Hines, and G. W. Norwood; J. W. Norwood's name being omitted. As shown in the copy of the bond offered in evidence, set out above, the penal sum named is $2,700, and the names signed thereto were as follows: Harry Shack, W. T. Martin, H. B. Hines, and J. W. Norwood; G. W. Norwood's name being omitted.

In Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398, in an opinion by Chief Justice Stayton, the following is said: "It is elementary that one suing upon a contract must recover upon the contract alleged, or not at all. If he proves a contract essentially different from that alleged, he must fail. Gammage v. Alexander, 14 Tex. 418; Parker v. Beavers, 19 Tex. 411; [East Line & R. R.] Railway v. Scott, 75 Tex. 84, 12 S. W. 995."

In Shipman v. Fulcrod, 42 Tex. 248, the following was said:

"It is a well-settled rule of pleading that the facts constituting the cause of action must be set forth with substantial accuracy. In Gammage v. Alexander, 14 Tex. 418, it is said to be a rule of pleading, as old as the science itself, that a contract, when sued upon, must be correctly stated, and if the evidence differ from the statement, the variance is fatal to the action. (Roseborough v. Gorman, 6 Tex. 314; Mims v. Mitchell, 1 Tex. 443; Hall & Jones v. Jackson, 3 Tex. 305.)

"It is equally well settled that allegations which are descriptive of the identity of the writing set forth, such as names, sums, magnitude, dates, durations, terms, and the like, must, in general, be precisely proved. (1 Greenleaf's Evidence, 58; 1 Starkie's Evidence, 332, 373, 374.)"

In New Amsterdam Casualty Co. v. Harrington (Tex. Com. App.) 290 S. W. 726, 727, it is said: "Our statutes provide that the judgment of the court shall conform to the pleadings, the nature of the cause proved, and the verdict. While the judgment in this case conforms to the pleadings and verdict, it does not conform to the nature of the cause proved. The proof is at such variance from the cause of action alleged that the court would not be warranted in sustaining the judgment. Western Union Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Bank of Garvin v. Freeman, 107 Tex. 523, 181 S. W. 187."

See, also, 21 R. C. L. p. 608, par. 152; 49 Corpus Juris, p. 804, par. 1187.

In view of that manifest variance, the trial court did not err in denying plaintiff a recovery against any of the sureties on the bond who were not dismissed from the suit; and accordingly all assignments of error addressed to that ruling are overruled, and the judgment of the trial court as to those sureties is affirmed. The judgment rendered against the defendant Anderson is left undisturbed; he having failed to prosecute any appeal therefrom and no complaint being made thereof by him in this court.