## BOONE v. LIKENS–WADDILL MOTOR CO. et al.

### No. 3787.

Court of Civil Appeals of Texas. Amarillo. April 13, 1932.

Rehearing Denied May 18, 1932.

Fred E. Young, of Amarillo, and H. E. Hoover, of Canadian, for appellant.

F. A. Cooper and F. H. McGregor, both of Amarillo, for appellees.

JACKSON, J.

This is an injunction suit instituted in the county court at law of Potter county, Tex., by the appellant, Mae Boone, a feme sole, against the appellees Likens-Waddill Motor Company and H. E. Elliott, constable, to enjoin the enforcement of an alleged void judgment against her and the sale under execution thereon of certain real estate which she owns in Potter county, Tex.

The appellant alleges: That on February 24, 1925, Likens-Waddill Motor Company obtained a judgment in the county court of Potter county, in cause No. 2941, against Floyd McConnell, J. E. Boone, and herself, for the sum of $297.68, with interest. That at the time said judgment was rendered, her husband, J. E. Boone, was living, but has since died intestate and insolvent and no administration was had upon his estate and none was necessary. That said judgment against her was void and of no force and effect, because based on a promissory note dated May 21, 1924, and due August 21st thereafter, which she signed as surety for her then husband, J. E. Boone. She pleads her coverture and that the note was not for the benefit of her separate property, for necessaries for herself or family, and hence was void. That the judgment shows on its face that she was only surety for the original maker, Floyd McConnell. That she did not appear in the trial of the cause, filed no answer therein, was not represented, was never served with process, and knew nothing of the judgment until long after its rendition.

She alleges that H. E. Elliott, constable of precinct No. 1 in Potter county, Tex., by virtue of an execution issued on said judgment, has advertised her property for sale and unless restrained will sell said property in satisfaction of said judgment.

A temporary restraining order was granted by the court, the writ of injunction issued, and thereafter, on August 12, 1931, Likens-Waddill Motor Company answered by general demurrer, special exceptions, general denial, and in addition thereto specially and separately denied the equities in appellant's bill.

H. E. Elliott adopted as his answer the facts alleged by the Likens-Waddill Motor Company.

On September 28th, a hearing was had before the court and judgment entered denying the appellant the relief sought in her petition, dissolving the temporary injunction theretofore granted, and directing the constable to proceed according to law in the levy of an execution and the enforcement of the judgment, from which action of the court this appeal is prosecuted.

The judgment alleged to be void was rendered by the county court of Potter county, Tex., on February 24, 1925, and recites, in effect, that cause No. 2941 came on regularly to be heard, that the defendants, though each and all of them were legally served, came not, but wholly made default, and adjudged that Floyd McConnell signed the note sued on as principal and that J. E. Boone and the appellant herein signed said note as sureties and rendered judgment against Floyd McConnell, J. E. Boone, and the appellant herein, jointly and severally, for $297.68, with interest, costs, etc., and ordered that execution be levied first upon the property of the principal on the note, but in the event the proceeds from the sale thereof were insufficient to pay the judgment, that execution should issue against the property of the sureties, J. E. Boone and the appellant herein, and gave the sureties judgment against the principal for any sums paid by them or either of them in satisfaction of said judgment.

■ The appellant's contentions that she was not served with citation or process before the judgment in cause No. 2941 was rendered, and·that she was surety for her husband on the note upon which such judgment was based, were determined against her not only in the original judgment, but also in the judgment of the trial court on the injunction suit, and if this be considered a direct attack on said judgment, the evidence is amply sufficient to authorize the judgment of the court on the injunction suit and is conclusive against appellant and binding on this court.

■ The appellant's contention that the judgment was void because it appeared that she was surety on the note is not tenable. The record discloses that she was not surety for her husband, but that, joined by her husband, J. E. Boone, she had signed the note as surety for the principal, Floyd McConnell.

Article 4623, R. C. S., provides, in part, that: "The wife shall never be ·the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

Chief Justice Phillips, in Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, 925, after quoting the above provision of the statute, says: 'This is a restrictive clause,—a purely negative provision. It does not purport to confer upon the wife any express authority. Such as it does confer is only by implication. It implies that the wife, when joined by her husband in the making of such contract, may become the joint maker of a note with another, or a surety upon another's bond or obligation. It is to be construed as if so written."

Chief Justice Fly of the San Antonio court, in McIlhenny v. Eldridge (Tex. Civ. App.) 235 S. W. 244, says this "clause is plain, and undoubtedly clothes the married woman with the power to become a surety for another, if her husband joins her in the undertaking."

In Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.(2d) 685, 687, Judge Harvey, for the Commission of Appeals, holds: "She" (referring to a married woman) "also· has the implied power under article 4623, to become, jointly with her husband, the joint maker of a note or a surety on any bond or obligation of another."

These authorities are decisive against appellant's contentions.

■ The appellant urges that the record presents fundamental error, in that it appears therefrom that the regular judge of the county court at law of Potter county was absent at the time the judgment was rendered in the instant case and a special judge, duly elected as such, was presiding judge of said court. This proposition is without merit.

The judgment is affirmed.