## GUARANTY STATE BANK OF NEW BRAUNFELS v. KUEHLER et al.

### No. 8590.

Court of Civil Appeals of Texas. Austin.

Feb. 16, 1938.

Rehearing Denied March 16, 1938.

Fuchs & Fuchs, of New Braunfels, for appellant.

J. H. Schleyer, of New Braunfels, and Harry Hertzberg and Marion R. McClanahan, both of San Antonio, for appellees.

BLAIR, Justice.

This litigation arose as follows: Appellant, the Guaranty State Bank of New Braunfels, sued Willie Kuehler, Ludger Kuehler, and his wife, Hulda Kuehler, on their promissory note, alleging that they were joint makers and jointly and severally liable thereon, the cause being No. .3057 in the district court of Comal county. Although duly cited, the defendants failed to answer, and judgment by default was rendered at the February, 1935, term against each of them, adjudging them to be joint makers and jointly and severally liable on the note. At the subsequent September, 1936, term of the same court, Hulda Kuehler, joined pro forma by her husband, instituted this direct proceeding to set aside the personal judgment against her on the note, alleging that it was "void and/or voidable," because the petition showed on its face that the defendants Ludger Kuehler and Hulda Kuehler were husband and wife, but did not allege that the note was executed by the wife in pursuance of any authority conferred by the statutes, nor for any purpose specially authorized thereby. She prayed that the judgment be set aside and that the recorded abstract thereof be canceled as cloud upon title of her alleged separate property.

By demurrer and special exceptions appellant urged that even though the petition may have shown on its face that Hulda Kuehler was a married woman, and did not allege her specific statutory authority to execute the note, it did allege that she was liable jointly and severally on the note; and that therefore the judgment against her was not void, but at most only voidable, and could not be set aside after the adjournment of the term at which it was rendered, in absence of pleadings and proof showing reasonable ground or excuse why she did not appear and plead her coverture, she having been duly cited in the cause. The trial court erroneously overruled this contention; and at least should have granted the motion of appellant for an instructed verdict at the conclusion of the evidence, because the judgment against her was not void, but was, in any event, only voidable, and she offered no proof which would suffice in law as ground or reason why she did not appear and plead her defense of coverture, she having been duly cited in the case.

In the recent case of Smith v. Pegram, Tex.Civ.App., 80 S.W.2d 354, writ refused, Judge Martin writing the opinion, it was held that a personal judgment against the wife in a suit on a note executed by the husband and wife for the purchase money of land was not void so as to give the trial court power to vacate the judgment three years after it was rendered, notwithstanding the petition was subject to general demurrer. The court reasoned that the married woman was bound by a judgment the same as any other litigant, and was required to use ordinary diligence in the defense of actions; and that although she filed a general demurrer, she did not plead her coverture, and having failed to do so at the trial, she could not at a subsequent term of the court by a direct action vacate the

personal judgment against her on the note, on the ground of coverture. This case was cited with approval by the Supreme Court in the case of Leake v. Saunders, 126, Tex. 69, 84 S.W.2d 993, 994, wherein it was held that notwithstanding expressions in the numerous cases cited as illustrative, to the effect "that the contract of a married woman not made for a purpose specifically authorized by statute is absolutely null and void," that "such a contract is not: void," but only voidable at her option. And in the case of Watters v. Lanning, Tex.Civ.App., 99 S.W.2d 639, 641, after citing the holding of the Supreme Court in the Leake-Saunders Case, the court say that regardless of the former status of the decisions on the question, "it necessarily follows that a petition wherein a married woman is sued upon a debt contracted during coverture is not fatally defective for failure to allege that the debt sued upon was one which a married woman was authorized by statute to contract"; and the court further held that if the married woman so desired, she "should have appeared and urged her coverture in avoidance. Not having done so, she waived the defense and is bound by the judgment, regardless of whether or not the debt was one which she had the statutory right to contract." To the same effect are the cases of Stone v. Stone, Tex.Civ.App., 101 S.W.2d 638; Moon v. Weber, Tex.Civ.App., 103 S.W.2d 807; A. Harris & Co. v. Cook, Tex.Civ.App., 62 S.W.2d 205. The decisions in the cited cases rule the instant case, wherein the married woman, though duly cited, failed to appear or answer and urge her coverture in avoidance of liability on the note. She did not appeal directly as she could have done if the judgment were void on the face of the record. Nor did she file a bill of review showing reasonable excuse for not answering, which under the decisions was her remedy in the event the judgment was voidable only. But she waited more than eighteen months after the personal judgment had been rendered against her, and after two terms of the court had intervened, before she filed this direct proceeding to set aside the judgment; and at the trial offered no proof which would in any manner excuse her for failure to appear or answer the suit, setting up her coverture, she having been duly cited in the case. Hays v. Hughes, Tex.Civ.App., 106 S.W.2d 724; Robin v. Robin, Tex.Civ.App., 106 S.W.2d 1082.

By special answer and trial amendment appellant bank alleged and by undisputed proof showed that Hulda Kuehler, joined by her husband, Ludger Kuehler, jointly signed the note as sureties for their son, Willie Kuehler, the principal. That is, each parent signed the note with the son, who received all of the consideration or proceeds, neither parent receiving any benefit, but signed the note to secure the loan to the son; and appellant bank knew all of these facts. As between joint makers of a note, some may in fact be sureties for another joint maker, which understanding may be established by parol evidence, and is binding upon the payee with notice. 6 Tex.Jur. 722, § 104. The fact that the judgment was against Mrs. Kuehler as joint maker instead of as surety would not render the judgment void, but only voidable at her option; because in either event she was jointly and severally liable on the note as surety, and having been duly cited in cause No. 3057, and not having appeared nor answered, and not having taken the proper procedure to have the voidable judgment corrected, she waived such right or defense under the aforementioned rule.

But notwithstanding the aforementioned rule of waiver as to the defense of coverture, and the undisputed facts showing that Mrs. Kuehler, joined by her husband, signed the note as surety, the trial court rendered judgment for her setting aside the default judgment, concluding that the judgment in cause No. 3057 decreeing Ludger Kuehler, the husband, jointly and severally liable on the note as joint maker, was res adjudicata of the plea of appellant bank in this proceeding, to the effect that the husband joined the wife in her execution of the note as surety; and that even if it were held that both the husband and wife signed the note jointly as sureties, she would not be liable because both the husband and the wife cannot jointly become liable as sureties on the same note of another. These conclusions are erroneous even if we assumed that same could be adjudicated in this belated character of proceeding. The default judgment against the husband is not involved, and is of no concern to the wife. She could only attack the judgment against herself, which is all she attempted to do by this proceeding; and manifestly appellant bank, in answer to that attack, may

show the true facts as to her liability on the note.

 Article 4623 impliedly authorizes a married woman, when joined by her husband, to become joint maker or surety upon the promissory note of another. Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; McIlhenny v. Eldridge, Tex.Civ.App., 235 S.W. 244. See, also, Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685, 687, wherein it was held that a married woman "has the implied power under article 4623, to become, jointly with her husband, the joint maker of a note or a surety on any bond or obligation of another." And in Boone v. Likens-Waddill Motor Co., Tex.Civ.App., 49 S.W. 2d 979, it is held that a married woman could, jointly with her husband, become surety on the note of another. Manifestly the statute, by requiring the husband to join the wife when she seeks to bind herself as surety on a note, does not prohibit the husband from himself becoming a surety on the note, he not being interested in the transaction.

The judgment of the trial court setting aside the personal judgment rendered in cause No. 3057 against Mrs. Kuehler as joint maker of the note is reversed, and judgment is here rendered that she take nothing by this action or proceeding.

Reversed and rendered.