488

## TOLBERT v. STANDARD ACC. INS. CO.
### No. 12055.

Court of Civil Appeals of Texas. Galveston.
Jan. 27, 1949.
Rehearing Denied March 17, 1949.

James S. Grisham and J. A. Lantz, both of Dallas, for appellant.

Cole, Patterson, Cole & McDaniel, of Houston, for appellee.

GRAVES, Justice.

Appellee, Standard Accident Insurance Company, plaintiff below, instituted this suit in the District Court of Harris County against W. F. Warfield & Company, Inc.; G. R. Abney, Administrator with the will annexed of W. F. Warfield, deceased; and Winnie Tolbert and husband, J. R. Tolbert, defendants below, seeking to recover on a general contract of indemnity.

The trial was before a jury, though only the question of what was a reasonable attorney's fee to that date for the plaintiff was submitted on a special-issue to the jury, and judgment was entered, on June 29, 1948, in favor of appellee against all of the defendants, jointly and severally, except J. R. Tolbert, who was a pro forma party.

Appellant, Winnie Tolbert, alone, gave notice of and perfected an appeal.

Appellant's points-of-error, in substance, are these:

"1. The Trial Court erred in treating the indemnity contract as enforceable against appellant, (a) where it was shown that such indemnity contract was incomplete and not executed by W. F. Warfield & Company, Inc., a necessary party thereto; (b) in the face of her defensive plea of coverture, where it was shown without controversy that appellant was a married woman at the time of the execution of said indemnity contract.

"2. The Trial Court erred in treating the loss sustained by appellee under the bond it executed as surety for W. F. Warfield & Company, Inc., as being indemnifiable under the indemnity contract, to the extent of imposing liability upon appellant therefor, where it was shown without controversy that the application for said bond was made by W. F. Warfield & Company,

Inc., and was further shown that said application and the bond itself were executed more than two years after the execution of said indemnity contract, and it was neither plead nor proved by appellee that appellant had any notice of the issuance of said bond."

The indemnity contract was executed on April 28, 1937, and acknowledged in single form by W. F. Warfield and Mrs. W. F. Warfield (now the appellant, Winnie Tolbert), but not by W. F. Warfield & Company, Inc. It commenced with this preamble: "Whereas, the undersigned, (hereinafter called the Indemnitor) have heretofore required, and may hereafter require suretyship upon certain obligations of suretyship on behalf of W. F. Warfield & Co. (Inc.), one of the undersigned, or of some one of them, or of some other person or corporation, and have applied, and may hereafter apply to the Standard Accident Insurance Company (hereinafter called the Surety) to execute such instrument as surety".

The Eleventh Paragraph thereof provided: "The Indemnitor hereby further agrees in the event of being unable to complete or carry on any contract covered by any suretyship of said surety, executed hereunder, to assign and does hereby assign to the said surety, all right, title and interest of the Indemnitor in and to all tools, plant, equipment and materials of every nature and description that the Indemnitor may have upon the work provided for in the contract covered by said suretyship", etc.

And, at its end appeared the following: "Note: The principal named in the bond must always join with the indemnitors in the execution of this agreement, all signatures to be sworn to in the spaces provided below".

The bond, under which appellee alleged it sustained the loss, for which it sought indemnification in this action, was on September 5 of 1939, applied for by and on September 8 of 1939, executed by appellee as surety for W. F. Warfield & Company, named as the principal therein; it assured the performance by W. F. Warfield & Company, Inc., of a construction-contract of the same date entered into between R. F. Ball Construction Company and said W. F. Warfield & Company, Inc.

The foregoing statement has been taken, well-nigh literally, from the appellant's brief, and is conceded by the appellee to be substantially correct, except as to the "Note" quoted by appellant as having appeared at the end of the "Indemnity-Contract".

Appellee's brief recites that such "Note" appeared below the signatures of the parties to the Indemnity-Agreement, hence was no part thereof, but evidently had been placed thereon "for the instruction of the agents of the corporation in securing the execution of the Indemnity-Agreement."

The appellant does not in her reply-brief question such challenge of the statement in her original brief, hence this Court is not privileged to accept it as correct. Rule 419, Texas Rules of Civil Procedure.

This Court is constrained to hold that appellant's quoted presentments do not point out reversible error in the judgment so rendered.

In other words, in the attending circumstances shown, it is not made to appear that the indemnity-contract was unenforceable against the appellant, either because the Warfield Company, Inc., was a necessary party thereto, or that appellant's having been a married woman at the time of its execution required the upholding of her defensive plea thereto of coverture, as urged under appellant's first assignment.

"Circumstances alter cases", and the circumstances here are held to have defeated the application of these two ably-presented objections to the result of this controversy, as so determined by the trial court.

It seems quite plain, as appellant argues, from the recitations in the indemnity-contract, that the parties thereto contemplated that the Warfield Company should execute it, although, as indicated, this Court may not regard the recitation of the terms of the appended "Note" as mandatory to that effect; this, because it convincingly appears—in the other conditions attending—that it was not necessary for the Warfield Corporation to join there-

in for it to be bound by the terms thereof; for instance, that company did thereafter execute the application to the appellee for the surety-bond sued upon, as well as the bond itself, and did so as the principal therein.

Indeed, it would seem that, pursuant to Article 6248, Vernon's 1948 Texas Civil Statutes, such corporation was bound by the indemnity-agreement as a matter-of-law, although it did not actually sign the same. Under what are deemed comparable facts, which amount to the legal equivalent of those here involved, our authorities seem to have so held. Shade v. Anderson, Tex.Civ.App., 36 S.W.2d 1041; Martin v. Roberts, 57 Tex. 564; Lindsay v. Price, 33 Tex. 280; San Roman v. Watson, 54 Tex. 254; Mitchell v. Hydraulic Building Stone Company et al., 61 Tex.Civ.App. 131, 129 S.W. 148; Marsh et al. v. Phillips, Tex.Civ.App., 144 S.W. 1160; Houston Oil Company of Texas v. Singleton, Tex. Civ.App., 44 S.W.2d 479; Johnson v. Tunstall, Tex.Com.App., 25 S.W.2d 828.

In the first of these cited cases, Shade v. Anderson [36 S.W.2d 1042], the rule is thus stated:

"Nor could there be any valid objection to the binding effect of the bond that it was not signed by Anderson, the principal, since the evidence shows without dispute that he delivered it with the intention that it should become effective. 10 Tex.Juris., par. 152; 13 C.J., p. 305.

"And, if the principal was bound by the bond, then the sureties could not escape liability merely on the ground that the bond was not signed by the principal. 21 R.C.L., p. 964; 50 C.J., p. 30."

In the second place, the Warfield Company, as indicated, not only signed the application for and the bond itself in suit, but in doing so, committed itself to substantially the same provisions so far as binding itself was concerned that the indemnity-agreement it did not sign carried. This reply to appellant's position upon this feature, as it thus appears in the appellee's answering-brief, is quoted with approval as determining that question in favor of the trial court's holding, to wit: "In fact, a careful comparison of the two instruments, that is, the Indemnity-Agreement executed by Mr. and Mrs. Warfield, and the application for bond executed by W. F. Warfield & Company, will disclose a similarity of conditions in each of the instruments, so much so that the signer of one of such instruments is bound to the same conditions and agreements and has the same rights and privileges as the signer of the other instrument. Under these circumstances, it would appear that Appellant is no worse off, and has lost nothing by reason of the failure of W. F. Warfield & Company to sign the Indemnity Agreement itself. As a matter of fact, W. F. Warfield & Company has signed an Indemnity Agreement which is, in all material respects, the same as the Indemnity Agreement executed by Appellant."

Neither, it is thought, did the fact of appellant's having been a married woman at the time of the execution of the indemnity-contract by her render it unenforceable against her, upon considerations which may in part be thus indicated. As also before stated, she had been joined by her husband in the execution of the indemnity-agreement on April 28 of 1937, whereas the application for the bond by the Warfield Company had been dated September 5 of 1939, with the execution of the bond itself following three days later, upon which first indicated document-date, therefore, the appellant had still been Mrs. Warfield, her divorce from her husband not having occurred until the subsequent date of August 3 of 1939.

Considering all the facts here, it would seem that, under our two statutes—Articles 6252 and 4623, Vernon's 1948 Texas Civil Statutes—the appellant was competent, notwithstanding her coverture at the time, to become such an indemnitor, or "surety", if you please, as she undertook to do by her signature to this indemnity-contract.

It is realized that this is entering upon a controversial field in our law, but it is believed that the line-of-demarcation between the diametrically opposing positions of the litigants here upon the question of appellant's competency to so bind herself is made understandably plain by their each

citing and depending upon one of the same decisions by our Supreme Court— that is, Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923.

Appellant, in applying the holdings of that cause to her contention, urges upon her side that the liability under the indemnity-contract here involved was the strict liability of an indemnitor, as differentiated from that of a surety; whereas the appellee, in its turn, argues that such liability as the appellant assumed by becoming such an indemnitor under the contract she signed was included under the broad sense in which the term "A surety" is used in our cited Article 6252, and the Texas holdings so construing it, inclusive of the Ferguson case, supra.

Among the holdings so depended-upon by the appellee are these: 39 Tex.Jur. 895, Sec. 2; Article 4623, R.C.S.; Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; McIlhenny v. Eldridge, Tex.Civ.App., 235 S.W. 244, er. ref.; Lee v. Hall Music Company, 119 Tex. 547, 35 S.W.2d 685; Elliott v. Lester, Tex.Civ. App., 126 S.W.2d 756; Magill v. Brown, 20 Tex.Civ.App. 662, 50 S.W. 642; Bell v. Indian Live-Stock Co., Tex.Sup., 11 S.W. 344; State ex rel. Walton v. Yturria, 109 Tex. 220, 204 S.W. 315, L.R.A.1918F, 1079.

As already indicated, this Court is persuaded that appellee's answer to appellant's position is the correct one, to this effect, as held in McIlhenny v. Eldridge, supra, in these two separately-stated paragraphs:

"The last clause is plain, and undoubtedly clothes the married woman with the power to become a surety for another, if her husband joins her in the undertaking. * * *

"However much the laws in question have been weakened and in part destroyed by the decision, that part giving the wife the right to go surety for another, if joined by her husband, remains intact under the decision."

Finally, it is thought to follow, under such authorities as American Surety Company v. Whitehead, Tex.Civ.App., 29 S.W.2d 507, Id., Tex.Com.App., 45 S.W.2d 958, which appears to have been determined upon the legal equivalent of the same state of facts as obtains here, that no notice to appellant of the issuance of the bond in this instance had been required, in order to bind her. American Surety Co. of New York v. Egan, 6 Cir., 62 F.2d 223.

Pursuant to these conclusions, the judgment of the trial court will be affirmed.