Ann CHESSER, Appellant,

v.

Johnie C. MURPHY et ux., Appellees.

No. 14483.

Court of Civil Appeals of Texas.

Houston.

Jan. 14, 1965.

Joel W. Cook and Ansel M. Kahn, Houston, for appellant.

Elliott & Elliott, Loran L. Elliott, Houston, for appellees.

WERLEIN, Justice.

This suit was brought by appellees, Johnie C. Murphy and wife, against John Chesser and wife, Ann Chesser, and William E. Thomas and wife, to recover a deficiency judgment following foreclosure under powers of sale contained in a deed of trust and chattel mortgage. Thomas and wife, who were not served with citation, were dismissed from the suit without prejudice, and a default judgment was taken on March

23, 1964 against John Chesser and Ann Chesser, who had been duly served with citation, but who failed to answer and wholly made default. Appellant, Ann Chesser, has perfected her appeal by writ of error from the trial court's judgment insofar as it decrees any recovery against her personally.

Appellees alleged in their petition the execution and delivery by Mr. and Mrs. Thomas and appellant and her husband of a $25,000.00 note dated October 14, 1961 payable to appellees, secured by a deed of trust of even date therewith upon certain lots conveyed to them by appellees, and also the contemporaneous execution by said parties of another deed of trust upon said property to secure a $35,000.00 note payable to Reagan State Bank of Houston. The deed of trust attached to plaintiffs' petition shows that the $35,000.00 note was executed by the same parties as the $25,000.00 note, the latter being a second lien note. Appellees also alleged that default was made in the payment of certain installments of the $25,000.00 note; that the property was sold by the trustee under the deed of trust securing such note, and that they purchased the property at the foreclosure sale for $22,203.64, which was duly credited on the note, leaving a balance of $5,712.66 due and owing thereon. They sought to recover not only the amount of the deficiency owing on said note and interest which they paid on the $35,000.00 note to protect their equity in the property, but also to recover on certain other alleged obligations, notes and a check which were not signed by appellant and to which she was not a party.

Appellees' petition and exhibits do not show that appellant, Ann Chesser, joined in any of the transactions set out therein, other than her joinder with her husband in signing the $25,000.00 and $35,000.00 notes and the deeds of trust securing the same. The petition shows on its face that appellant was a married woman at the time of the transactions sued upon. Appellees did not allege that any part of the indebtedness was for the benefit of appellant's separate property, or that it was for necessaries or for any other purpose which under the law in force at the time of the 1961 contracts and transactions would permit or justify the rendition of a personal judgment against her.

■ There can be no recovery against appellant on the notes and check which she did not execute and to which she was not a party. The Negotiable Instruments Act, Article 5932, § 18, Vernon's Annotated Texas Statutes, provides: "No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. * * *" In this case, no exception is shown which would make appellant liable on the instruments she did not sign. In oral argument before this Court, appellees' counsel in effect conceded that appellant would not be liable on such instruments and that the trial court's judgment would have to be reformed accordingly.

■ Appellant did not become personally liable on the $35,000.00 note or the $25,000.00 note which she signed since appellees' petition shows on its face that appellant was a married woman and appellees did not allege that any part of the indebtedness sued upon was for the benefit of appellant's separate property, or that it was for necessaries for herself or her children, or for any other purpose which under the law in force at the time of the execution of the 1961 contracts and transactions would permit or justify the rendition of a personal judgment against her. Giles v. First National Bank of Brownfield, Tex.Civ.App. 1953, 257 S.W.2d 945; Shannon v. Childers, Tex.Civ.App., 202 S.W. 1030, writ ref., and authorities cited therein. In the latter case it was also held that the defense of coverture need not be pleaded where the petition discloses the disability, and further that where the petition upon its face discloses that the defendant was a married woman, and no facts are alleged which, under any

possible theory, would relieve the disability of coverture so as to render her personally liable for a breach of a covenant of warranty, the petition fails to state a cause of action against her, and does not support a judgment against her.

In Long v. Crutchfield, Tex.Civ.App., 295 S.W. 625, the court said: "It is well settled by authority in this state that married women cannot be bound personally, by contracts, so as to subject their separate property, unless it is done by their express authority conferred upon them by statute." See also Perkins v. Compton, Tex.Civ.App., 61 S.W.2d 575, in which the court said:

"The petition showing that Mrs. Jennie Perkins was one of the makers of the contract, that she was a married woman at the time she executed it, and not showing further that it was executed in pursuance of any authority conferred upon her by the statutes, and for any purpose contemplated thereby, is insufficient to support a judgment by default against her. Graham et ux. v. Carmany (Tex. Civ.App.) 2 S.W.(2d) 467, and authorities there cited."

After stating the applicable principle of law, the court said in Stevenson v. Abernathy, Tex.Civ.App., 69 S.W.2d 850: "The law as announced by the foregoing authorities, so far as our investigation has disclosed, has been followed by an unbroken line of authorities in this state."

■ The indebtedness alleged in the instant case is the joint obligation of the husband and wife and a community debt for which the husband alone can be made personally responsible or liable by judgment. The debt cannot be collected out of the separate estate of the wife, and she cannot be made personally responsible or liable therefor by judgment, under the appellees' petition.

■ Appellees undertake to distinguish this case from the numerous authorities relied upon by appellant, contending that the instant case involves appellant's signature as a co-maker with her husband and as a surety with her husband on notes signed by Mr. and Mrs. Thomas. We find nothing in appellees' petition or exhibits attached thereto which shows that appellant signed the notes as a surety with joinder of her husband. The petition and exhibits merely show that appellant and her husband and Mr. and Mrs. Thomas signed the notes as joint makers and principals. Article 4623, V.A.T.S., Acts 1848, p. 77, G.L., Vol. 3, p. 77, provided:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children. The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

In 1957 Article 4623 was amended so as to delete entirely therefrom the provision consisting of the last sentence thereof. At the time the notes in question were executed in 1961, Article 4623 did not contain such deleted provision. In 1962 said Article was amended so as to again incorporate therein such provision, and in 1963 the entire article was repealed by the 58th Legislature of Texas.

Before the deletion in 1957 of said provision in Article 4623, it had been held by our courts that a married woman could with the joinder of her husband make herself liable as a surety for another. In Red River National Bank v. Ferguson, 1918, 109 Tex. 287, 206 S.W. 923, our Supreme

Court, speaking through Chief Justice Nelson Phillips, in referring to said provision, used the following language:

"This is a restrictive clause,—a purely negative provision. It does not purport to confer upon the wife any express authority. Such as it does confer is only by implication. It implies that the wife, when joined by her husband in the making of such contract, may become the joint maker of a note with another, or a surety upon another's bond or obligation. It is to be construed as if so written. But the common sense of the language is that it is not the husband's note, bond or obligation that is referred to or intended. It is the note, bond or obligation of 'another,' in whose execution with the wife he is merely required to join."

See also Boone v. Likens-Waddill Motor Co., Tex.Civ.App., 49 S.W.2d 979; McIlhenny v. Eldridge, Tex.Civ.App., 235 S.W. 244, error ref.; Texas Water Supply Corp. v. Reconstruction Finance Corp., 5th Cir. 1953, 204 F.2d 190; Tolbert v. Standard Accident Ins. Co., 148 Tex. 235, 223 S.W.2d 617.

■ Appellees contend that by virtue of said surety provision included in Article 4623 from 1913 to 1957, it was established that a married woman could make herself liable as surety for another, and that this was not changed by the 1957 amendment deleting such provision with respect to being a joint maker or surety on the obligation of another with the joinder of her husband, since the inference is that after such deletion she could make such surety contract even without the joinder of her husband, and hence could certainly do so with his joinder as she allegedly did in the instant case. We do not agree with this contention. Our Supreme Court has held that such provision did not confer upon the wife any express authority to become a surety. It merely implied that the wife when joined by her husband could become

the joint maker of a note with another, or a surety upon another's bond or obligation. It is our view that after such provision was deleted in 1957 there could be no longer any implication that a married woman could become a joint maker of a note with another or a surety upon another's bond or obligation, either with or without her husband's joinder. In Tolbert v. Standard Accident Ins. Co., supra, our Supreme Court said: "It would be to ignore the public policy of this state, continuously maintained since 1840, that in the absence of statutory authorization for a wife to make contracts, they are voidable at her option."

■ Appellees further assert that appellant, if she had any right not to be held personally liable on such notes, waived the same by not electing to have the notes in question declared void prior to the time of the 1962 amendment to Article 4623 and the amendments of Articles 4614, 4621, 4624 and 4626 which took effect in 1963. We do not agree with such contention. Nor do we agree that the 1962 amendment or the 1963 amendments to such statutes deprived appellant of her substantive right of immunity from personal liability under the facts of this case. It is well settled that the laws which are in existence at the time and place of the making of a contract, and where it is to be performed, enter into and become a part of such contract as if expressly referred to or incorporated therein. Stanolind Oil & Gas Co. v. Terrell, Tex.Civ.App., 183 S.W.2d 743, writ ref.; Winder Bros. v. Sterling, 1929, 118 Tex. 268, 12 S.W.2d 127. A substantive right conferred by such existing law, when it constitutes part of an agreement by implication, may not be defeated by a subsequent amendment of the law. 13 Tex.Jur. 2d 352, Contracts, § 165; 17 C.J.S. Contracts § 22, p. 626; 17A C.J.S. Contracts § 330, p. 295.

■ It is true that appellant could have filed an answer in the case and pled cover-

ture. She was not required to do so. Since appellees' petition showed she was a married woman, she had the right to assume that the court would not enter a default judgment against her personally on a petition which did not state a cause of action against her. It is not shown when appellant learned that the default judgment was taken. It was not necessary for her to take any affirmative action prior to the erroneous judgment taken against her. She is now timely seeking to be relieved therefrom insofar as it grants a recovery against her personally. Had she made an appearance in the case, there might be some plausibility in appellees' assertion of waiver because of her failure to plead coverture and the insufficiency of appellees' pleading. Rule 90, Texas Rules of Civil Procedure. But such is not the case where a judgment is taken by default.

The law is well settled that in order to support a default judgment it is essential that the petition show a good cause of action upon which a default judgment can be entered. In Rule 90, T.R.C.P., it is provided that every defect, omission, or fault in a pleading, either of form or of substance, is waived unless complained of in the lower court, and they shall not be grounds for reversal of a cause. It is specifically provided, however, in Rule 90 that such rule *shall not apply as to any party against whom a default judgment is rendered.* Griswold v. Carlson, 1952, 151 Tex. 246, 249 S.W.2d 58. This clearly indicates that appellant has not waived the right under Rule 90, T.R.C.P., to assert at this time the insufficiency of appellees' petition to support a default judgment against her personally. A petition must adequately allege a cause of action before it can support a default judgment. White v. Jackson, Tex. Civ.App., 358 S.W.2d 174, writ ref., n. r. e.; Griswold v. Carlson, supra.

The judgment of the trial court, insofar as it decrees any personal recovery against appellant, Ann Chesser, is reversed and rendered; otherwise not disturbed.