### E. L. ALFORD AND WIFE v. L. P. ALFORD.

### No. 25.

1. **Conditional Deed—Case in Judgment.**—Appellee, joined by all his children save L. P. Alford, conveyed to appellants the land sued for, by a deed, the consideration for which, as therein expressed, was the agreement of appellants to care for and support appellee during his natural life, and furnish him with the necessaries and comforts suitable to his age and physical condition, and with clothes to wear; to have and to hold the land forever, upon condition that appellants should faithfully comply with all the stipulations in said agreement, and if said agreement was not complied with the conveyance to be void. A vendor's lien was reserved by appellee on the land to secure the faithful performance of the agreement, and right to live on and use the land during his natural life was also reserved, and at the death of the appellee, if all the provisions of said agreement had been complied with, the land was to become the absolute property of the appellants in fee simple There was evidence showing breach of the agreement, which was controverted by the appellants. The suit was in the ordinary form of trespass to try title. *Held*, as to the form of action, there is some difficulty in determining the exact legal effect of the instrument. Its provisions show that an estate upon condition was intended to be created. Some of them indicate that title was not to pass until performance, and others that the estate was to take effect at once. But whether the conditions were precedent or subsequent, if appellants broke their contract before suit was brought the title determined, and right of appellee to recover the property became perfect.

2. **Construction of Deed.**—Looking to the purpose of the conveyance, present possession and enjoyment of the land was vested in the grantees, sub-

ject to the reserved right of the grantor to live on it also, and to have such use of it as was consistent with the rights conferred on the grantees; but the title was never to pass unless at the death of the grantor the agreement had been fully performed.

**3. Parties to Suit.**—All the makers of the deed were not necessary parties. Appellee had only to show title as against appellants. When the deed was made he had title to half the land and the right to occupy all of it during his life as his homestead. If appellants' rights under the deed were at an end, appellee's title was complete, and it was not necessary for him to demand possession or give notice to appellants before he brought suit.

**4. Improvements.**—There being no pleading setting up improvements made in good faith, evidence thereof was properly excluded.

**5. Breach of Conditions.**—The evidence of the appellee is in several respects indefinite, but if taken as true showed that he was subject to indignities by his son which may have rendered life with him unbearable. The contract contemplated that they should all live together at his own home, and that he should there receive the care and support for which he provided, and mistreatment of him by appellants of such a character as to render life there intolerable would be as much a breach of the agreement as failure to furnish him the necessaries of life.

APPEAL from Harrison.    Tried below before Hon. A. J. BOOTY.

*F. H. Prendergast, S. T. Scott*, and *T. P. Young*, for appellants.—1. The suit should have been dismissed for want of proper parties, all the grantors being necessary parties.    York v. Cartwright, 42 Texas, 136.

2. The relief to which plaintiff was entitled was not allowable in this form of action.    Haskins v. Wallet, 63 Texas, 219; Swink v. Motley, 78 Texas, 579.

3. Defendants should have had notice of plaintiff's intention to rescind his contract.    Phillips v. Herndon, 78 Texas, 384; Kennedy v. Embry, 72 Texas, 390; Sedg. & Wait on Trial Title to Land, sec. 312; 62 Texas, 695, 696, 702.

*James Turner* and *Wilson & Lane*, for appellee.—1. The land having been sold under an executory contract, retaining a lien to secure payment of purchase money, it might be recovered in an ordinary suit of trespass to try title.    Burgess v. Millican, 50 Texas, 401; Baker v. Compton, 52 Texas, 252; Peters v. Clements, 46 Texas, 114.

2. The other grantees in the deed were not necessary parties to the suit.    Railway v. Knapp, 51 Texas, 600; Railway v. Timmermann, 61 Texas, 660.

3. Notice of intention to rescind was unnecessary.    Peters v. Clements, 46 Texas, 114.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellee, December 28, 1889, in the ordinary form, for

the recovery of 109 acres of land in the possession of appellants, who were made defendants, and for damages.

The appellants pleaded not guilty, and upon the trial there was a verdict and judgment for appellee for the land and $162.50 damages, from which this appeal is prosecuted. Appellee introduced in evidence the following deed from himself to appellants:

"*The State of Texas, Harrison County.*—Know all men by these presents, that I, L. P. Alford, joined herein by his children, J. P. Alford, W. L. Alford, and H. C. Alford, for and in consideration of an agreement by E. L. Alford and wife Mollie Alford, during their life, and at their death to their heirs, this day executed and delivered to me, to care for and support me during my natural life and furnish me with the necessaries and comforts suitable to my age and physical condition, and with clothes to wear, the receipt of which said agreement is hereby acknowledged, have this day bargained and sold, and by these presents do hereby bargain, sell, release, and convey unto the said E. L. Alford and wife Mollie Alford, during their natural life, and at their death their heirs, the following described property:

＊  ＊  ＊  ＊  ＊  ＊  ＊  ＊

" To have and to hold the same, together with all and singular the rights, members, hereditaments, and appurtenances thereto belonging, unto them, the said E. L. Alford and Mollie Alford, their heirs and assigns forever: upon condition, that they shall faithfully comply with all and each of the stipulations in their said agreement to me, and before mentioned as the consideration of this instrument; that if said agreement is not so complied with, then this conveyance shall be void and of no force and effect; and a vendor's lien is hereby expressly reserved on said land by L. P. Alford to secure the faithful performance of said agreement executed by E. L. Alford and wife, during their natural life, and at their death to their heirs, as the consideration hereof; and the right to live on and use said land during the term of his natural life is hereby expressly reserved. And at the death of him, the said L. P. Alford, if all of the provisions of said agreement have been complied with, said premises by this conveyance shall become their absolute property in fee simple.

" This November 2, 1888."

Appellee then proved that at the time of the execution of this instrument there was a verbal undertaking on the part of appellants to do the things for which the deed stipulated as its consideration, and introduced evidence for the purpose of showing that they had failed to perform their part of the contract.

It was shown that appellants moved into the house on the premises mentioned in the deed, and lived there with appellee for about six

months, when appellee left, appellants remaining in possession. Appellee testified: that he occupied his old room in the house, using his own furniture; that he ate at the same table with appellants; that the food and cooking were bad; that the coffee was not good and had grounds in it; that no clothes were given him, and that he had to pay for his own washing; that his bed was not properly cared for, and many vermin were allowed to get on it—so many that he could not use it for a month after he left; that on three or four occasions, the details of which he fully gave, appellant E. L. Alford, who was his son, cursed and abused him.

Appellee was 78 years of age, and his wife had died only a few days before the agreement was made between him and appellants. He complained to his daughter-in-law of the way in which his son was treating him, and she replied she could not help it.

The testimony of appellants denied these facts testified to by appellee, and there was other evidence offered on each side, making a conflict on the material points. It was shown that appellants offered to pay to appellee $100 per year for 1889 and 1890, but the time when this was done does not appear.

Appellants offered to prove that they had made valuable and permanent improvements on the land; which was objected to by appellee, on the ground that no improvements had been pleaded; and the court sustained the objection. Appellants reserved exception.

It was shown that the land had been common property of appellee and his deceased wife and was their homestead, and that she left children surviving her, among whom was appellant E. L. Alford.

The motion for a new trial, assignment of errors, and briefs, present the points discussed in the opinion.

Under their first assignment of error appellants contend that appellee did not show such title as is sufficient to enable him to recover in an action of trespass to try title. Their position seems to be, that by the deed title to the land vested in them, and that it could not be recovered in such a suit, but that the remedy upon a breach of the contract was a suit to rescind or cancel the deed.

There is some difficulty in determining the exact legal effect of that instrument. In consideration of the agreement of appellants to care for and support appellee during his natural life, and furnish him with the necessaries and comforts suitable to his age and physical condition, and with clothes to wear, it conveys, by its premises, the land to appellants during their natural lives and at their death to their heirs. It then provides, that they shall hold the property to themselves, their heirs, and assigns forever, upon condition that they shall comply with their agreement.

The deed then proceeds to reserve a vendor's lien to secure the performance of appellants' contract, with the right of appellee to live on and

use the land during his natural life, and to provide that if at his death the contract shall have been performed by appellants the land shall become their property in absolute fee simple.

All of these provisions show that an estate upon condition was intended to be created; some of them indicating that the title was never to pass until there was a performance of the condition, and others that the estate was to take effect at once, but subject to forfeiture by failure to perform the agreement.

It is not very material to the present inquiry to which class of conditions the one in question belongs. Whether it was precedent or subsequent, the failure of appellants to perform it defeated their right to the property.

Looking to the purpose of the conveyance, we think the intention was to vest in the grantees the present possession and enjoyment of the land, subject to the reserved right of the grantor to live on it also, and have such use of it as was consistent with the right conferred on the grantees, and was proper to enable them to care for, support, and maintain him there, as agreed upon; but that the title was never to pass unless at the death of the grantor the agreement had been fully performed.

This imposed upon appellants, at all times, the burden of doing the things required by the contract, and a failure at any time to do so worked a forfeiture of any right they may have acquired under the deed.

This would be the case also if the title vested subject to the condition to be thereafter fulfilled. Tied. on Real Prop., sec. 277. It follows from this, that in either view of the instrument, if appellants had broken their contract before the suit was brought, the title which appellee conveyed to them was determined, and his right to recover the property became perfect.

This virtually disposes of the second point made by appellants, that all the makers of the deed were necessary parties to the suit. All that was required of appellee was to show title to the property as against appellants. He had the title when he made the deed, for one-half of the land belonged to him absolutely, and he had the right to occupy all of it during his lifetime as his homestead. If, therefore, appellants' rights under the deed were at an end, his title was complete. For this reason also it was not necessary for him to demand possession or give notice to appellants before he brought suit. Tied. on Real. Prop., sec. 277.

There was no error in excluding evidence of improvements, because none were pleaded.

This brings us to a consideration of the sufficiency of the evidence to show a breach of the contract on the part of the appellants. On several points it is quite indefinite. In what respects and to what extent the food and drink were bad is not explained, nor whether or not the neglect of appellee was common or habitual. While there is evidence that no

clothing was furnished him, and that he had to pay for his own washing, it is not shown that he needed more clothing than he had, nor that he ever asked that appellants either furnish it to him or pay his laundry bills. His evidence, however, does, if taken as true, show that he was subjected to indignities by his son, which may have rendered it unbearable for him, with proper self-respect, to continue to live with appellants. The contract contemplated that they should all live together at his old home, and that he should there receive the care and support for which he provided.

Mistreatment of him by appellants, of such a character as to render his life there intolerable, would be as much a breach of their agreement as a failure to furnish him the necessaries of life. This evidence, together with the testimony as to the personal discomforts he was allowed to suffer while living with appellants, was sufficient to support the finding of the jury. The question was submitted to the jury by a charge which was fair to both sides, and we can not, consistently with settled rules, disturb their verdict.

*Affirmed.*

Delivered November 17, 1892.