**FERIS et al. v. BASSETT et al. (No. 7942.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 10, 1920. Rehearing Denied Jan. 13, 1921.)

1. **Appeal and error ⬤⇒1029, 1040(1)—Where undisputed facts required judgment, errors in pleading and irregularities at trial immaterial.**

The facts shown by the undisputed evidence in suit to enjoin interference with plaintiffs' possession of land claimed by defendants as a street requiring judgment for defendants, any error in ruling on exceptions to pleading or any mere irregularity in the trial was immaterial.

2. **Municipal corporations ⬤⇒1028—May intervene to establish right to street.**

A city in suit by landowners against county officials to have them enjoined from interfering with plaintiffs' possession of a strip of land may make itself a party and have the land in controversy adjudged part of a city street, and plaintiffs enjoined from interference with its full use as such.

3. **Municipal corporations ⬤⇒647 — Have control of county road brought within limits.**

A portion of a public road, being by incorporation or extension of a city embraced within its limits, is thereafter a street of the city, with all the rights of the county therein, and no longer subject to county control.

4. **Municipal corporations ⬤⇒671(9) — County not necessary or proper party to action involving road within city.**

Land claimed by individuals, if once a county road, having by extension of a city become a street thereof, subject to its exclusive control, the county is neither a necessary nor proper party to suit to enjoin interference with possession and use thereof.

5. **Appeal and error ⬤⇒1036(6) — Allowing county to become party harmless in view of judgment.**

Overruling plaintiffs' exception to allowing a county to become a party to suit was harmless; the judgment refusing the county relief and charging it with costs.

**6. Costs ⊚⇒60 — Apportioned between intervener and other unsuccessful party.**

A 'county which improperly is allowed to make itself party to a suit, which merely involves the question of land being plaintiffs' private property or a city street, even though formerly a county road, should be charged only with costs incurred by making itself a party and prosecuting its claim, and the balance of the costs should be adjudged against plaintiffs unsuccessful on their claim.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Suit by S. Lavinia Feris and another against R. A. Bassett and others. From part of the judgment plaintiffs appeal, and from part defendant County of Ft. Bend appeals. Reformed and affirmed.

J. M. Gibson, of Houston, and F. M. O. Fenn, of Richmond, for appellants.

C. I. McFarlane and C. H. Chernosky, both of Richmond, for appellees.

PLEASANTS, C. J. This suit was brought by appellants, S. Lavinia Feris and K. R. Feris, against Robert A. Bassett, county attorney, C. H. Chernosky, county judge, and H. W. Collins, sheriff of Ft. Bend county, and T. B. Wessendorff, mayor of the city of Richmond, and their successors in office, to restrain the defendants from interfering with plaintiffs' possession of a parcel of land described in the petition as a part of lots Nos. 1 and 16, Borden's addition to the city of Richmond, and which it is alleged the defendants are claiming the right to occupy and use as a public street or highway of said city known and designated as Wharton avenue.

The petition further alleges that the defendants are threatening plaintiff K. R. Feris with a criminal prosecution for obstructing said alleged highway or street, and have caused an affidavit to be made charging him with such offense, and this plaintiff prays that the defendants be restrained from prosecuting said criminal charge against him pending a final determination of the question of whether the land claimed and possessed by the plaintiffs is a part of a public highway or street of said city.

The defendants R. A. Bassett and H. W. Collins answered by general denial, and also adopted the answer of their codefendants. C. H. Chernosky for himself and the county of Ft. Bend and T. B. Wessendorff for himself and the city of Richmond, Tex., made general denials and pleaded, in substance, that the said portion of Wharton avenue in dispute was duly dedicated as a public highway of Ft. Bend county in 1852 by its then owner, and was opened by order of the commissioners' court of Ft. Bend county, Tex., in 1901, and remained under the control of

the county until the incorporation of the city of Richmond in 1909, when said premises became a street in the city of Richmond under the management and control of the city of Richmond, and that the city of Richmond has used the said premises continuously since and worked and graded same as a street; that the appellant K. R. Feris has estopped himself to dispute the title and right of the city of Richmond to continue to use and work and grade the said premises as a portion of Wharton avenue in the city of Richmond by virtue of his acquiescence in the open, notorious, and adverse use of the said premises as a portion of Wharton avenue since 1901, when same was opened by order of the commissioners' court of Ft. Bend county, Tex.

These defendants, further answering, respectively, for the county of Ft. Bend and city of Richmond, prayed judgment against the plaintiffs in favor of said county and city fixing and establishing a right of easement in said county and city in the land in controversy as a public road, highway, and street of the county and city, and for a mandatory injunction compelling the plaintiffs to remove their fence from the land in controversy and restraining them from further in any manner obstructing said street.

Plaintiffs' supplemental petitions contained a general and several special exceptions to defendants' answer.

Upon the trial in the court below without a jury all of the exceptions of both plaintiffs and defendants having been overruled, judgment was rendered in favor of the plaintiffs for title to the fee in the land in controversy, and in favor of the city of Richmond for its right of easement in the property as a public highway and street of the city, and ordering the plaintiffs to remove the fence placed by them upon the land and enjoining and restraining them from further in any manner obstructing any portion of said street. Judgment was also rendered in favor of the individual defendants before named that plaintiffs take nothing against them. It was further adjudged that the county of Ft. Bend take nothing by its cross-action, and that the plaintiffs and the city of Richmond recover of said county all costs of the suit.

The evidence shows that in 1852 Thomas H. Borden, who then owned a tract of land adjoining the town of Richmond, and of which the land in controversy is a part, subdivided a portion of said tract into blocks or lots and recorded a plat or map of such subdivisions, which were thereafter known as Borden's addition to the town of Richmond. On this recorded map there appears a strip 60 feet in width along the north side of the subdivisions which is designated Wharton avenue, and which connects at a right angle

with Union street in the town of Richmond. The evidence does not indicate what, if any, portion of this 60-foot strip, designated on said map as Wharton avenue, was inclosed by fence at the time the map was recorded, but the undisputed evidence does show that said strip has been used by the public as a roadway ever since the recording of said map.

In May, 1852, George A. Feris purchased lots 1 and 16 in Borden's addition and took possession thereof, and he and appellants. who are his successors in title, have had continuous possession of the lots since said purchase.

In 1901, and for many years prior thereto, the Feris inclosure embraced a portion of Wharton avenue, the portion so inclosed being in form a triangle, having its apex at the southeast corner of the avenue and with a base of 20 feet extending north from the southwest corner of the avenue.

In the year last named the commissioners' court of Ft. Bend county, upon the proper application of citizens of the county, ordered that Wharton avenue be widened and opened as a public road of the county. Acting under this order, the road overseer for the precinct removed the Feris fence to the south side of Wharton avenue, as shown on the original plat or map of the subdivision.

George A. Feris and his wife both died prior to 1901, and when this fence was removed and the avenue opened as a public road the property was owned by the plaintiffs and the other heirs of George A. Feris and his wife and was in the possession of said heirs at the time the fence was removed. When the avenue was thus widened the roadway was placed in the center and ditches constructed on either side. The roadway and ditches occupy a space of 30 feet wide, leaving 15 feet on north and south sides of the ditches, respectively, for the use of wagons and teams in working the roadway and keeping it and the ditches in proper repair. No protest or objection was made by plaintiffs or any of the Feris heirs to the removal of the fence and the occupancy by the county in the manner before stated of the entire 60 feet of Wharton avenue as shown on said original map.

Plaintiff K. R. Feris was appointed road overseer for the precinct and served in that capacity for five years, during which time he had charge of Wharton avenue, and it was worked as a public road of Ft. Bend county under his direction. He testified:

"When I was road overseer of that road, I got what hands that the commissioners told me to get. I worked the road until the city was incorporated, then I was stopped from working that street. Yes, sir; I qualified when the town was incorporated, but I never did work that street after the town was incorporated. I had nothing to do with it."

In 1909 the town of Richmond was incorporated as the city of Richmond under the general laws of this state providing for the incorporation of cities and towns of less than 10,000 inhabitants. The limits of the town as incorporated embraced all of Wharton avenue, which since said incorporation has been a public street of said city.

Some time in 1916 the plaintiff K. R. Feris set a line of posts 20 or 25 feet apart along the north line of the triangle above described and strung one wire thereon connected at each end with plaintiff's fence along the south line of the triangle. The barrier so placed along the base and north line of the triangle was not effective as an inclosure, but was an obstruction to the full use of the street as a highway.

The estate of George A. Feris and wife was partitioned among the heirs in 1919 by a decree of the district court of Ft. Bend county, and lots 1 and 16 are now owned by the plaintiff. The plat referred to in this decree of partition and by which the lands involved were allotted shows Wharton avenue along the north side of lots 1 and 16 to be 60 feet wide for its entire length.

[1] From these facts, which are shown by the undisputed evidence, we think no other judgment than one in favor of defendants could have been properly rendered, and therefore any error that may have occurred in the ruling of the court on the exceptions to the pleadings, or any mere irregularity in the trial, become immaterial.

This conclusion renders it unnecessary for us to discuss in detail the various assignments of error presented in appellants' brief.

[2] The right of the city of Richmond to make itself a party to the suit and have the land in controversy adjudged a part of a public street, and the plaintiffs enjoined from further obstructing the full and free enjoyment of the street as such by the public, cannot be questioned. No objection is presented as to the manner in which the city became a party, and no question is raised as to the authority of the mayor to answer in behalf of the city.

[3, 4] We do not think, however, that the county of Ft. Bend was a necessary or proper party to the suit. An incorporated city or town under our statutes has the exclusive control of all the streets and highways within the limits of the corporation, and, when such corporation in its creation or by subsequent extension embraces within its limits a portion of a public county road, such road becomes thereafter a street of the city and is no longer subject to the control of the county, and all the rights of the county in such highway passes to the city.

[5] While we think the trial court erred in overruling plaintiffs' exception to the county of Ft. Bend becoming a party to the suit,

this error was rendered harmless to plaintiffs by the judgment refusing the county any relief and . charging it with all the costs of the suit.

From . this portion of the judgment the county gave notice of appeal and has filed a brief presenting two assignments of error. the first challenging the holding of the trial court denying it any recovery, and the second the ruling adjudging that it pay all the costs of the suit.

[6] From what we have above said the first of these assignments cannot be sustained, but we are of opinion that the court was in error in charging all of the costs against the county. We can conceive of no just ground for so adjudging the costs, and the judgment does not recite the grounds on which the costs were adjudged in this way. The county should only be held liable for 'the costs incurred by it in making itself a party and prosecuting its suit, and the balance of the costs should have been adjudged against the plaintiffs.

The judgment will be reformed as above indicated, and as so reformed is affirmed.

Reformed and affirmed.'

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes