## JOHN F. GRANT LUMBER CO. v. JONES et al.

### No. 11176.

Court of Civil Appeals of Texas. Galveston.

May 8, 1941.

Rehearing Denied June 12, 1941.

Wood, Morrow, Gresham & McCorquodale, of Houston, for appellant.

Ben F. Foster, of Houston, and Phil B. Foster and Julian LaCrosse, both of Del Rio, for appellees.

MONTEITH, Chief Justice.

On January 1, 1933, Grace Childs Trent, then a feme sole, executed and delivered to appellant, John F. Grant Lumber Company, a note for the sum of $221.75 due on April 1, 1933, in payment for material purchased by her from appellant and used for the improvement of her separate property.

Thereafter, and prior to March 1, 1937, she married H. Conger Jones, and has been his wife at all times subsequent thereto. On April 10, 1937, Mrs. H. Conger Jones, nee Grace Childs Trent, without the joinder of her husband, executed a second note for the sum of $304.90 payable to appellant on December 1, 1937. On December 20, 1939, appellant filed this suit against appellees, Mrs. H. Conger Jones and her husband, seeking recovery of judgment on said note for the sum of $304.90. Appellant alleged that said note was executed by Mrs. Jones in renewal and extension of the note for $221.75.

Appellees answered by general demurrer, general denial, and exceptions. They specially pled that the note for $304.90 was signed by Mrs. H. Conger Jones while she was under coverture of marriage with appellee, H. Conger Jones, and without his joinder, knowledge or consent. They denied that it was given for the benefit of the separate estate of Mrs. Jones, or that her separate property had received any benefits therefrom. They pled under oath that the note sued on was a new contract; that there was no consideration for its execution; that it was not given in renewal and extension of the note signed by Grace Childs Trent, and that the note signed by Grace Childs Trent was barred by the four years statute of limitation. Vernon's Ann. Civ.St. art. 5527.

In a trial before the court judgment was rendered that appellant take nothing by its suit.

No findings of fact or conclusions of law were filed by the trial court.

The controlling question presented in this appeal has not heretofore been passed on by an appellate court of this state. It involves the legal capacity of a married woman to renew a debt incurred by her prior to her marriage for the improvement of her separate property, without the joinder of her husband, after the debt has become barred by limitation.

The statutes of this state impliedly invest a married woman with power to contract for necessaries for herself and her children, as well as for such expenses as are incidental and necessary to the management and control of her separate property, and such community property as the statutes commit to her charge, without the joinder of her husband. R.S. Articles 4614, 4621, Vernon's Ann.Civ.St. arts. 4614, 4621;

Service Parts Co. v. Bizzell, Tex.Civ.App., 120 S.W.2d 919, 923; Lee v. Hall Music Co., 119 Tex. 547, 551, 35 S.W.2d 685; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694; Gohlman, Lester & Co. v. Whittle, 115 Tex. 9, 273 S.W. 806; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S.W. 120. Save in the above respects the Statutes do not give her the power to bind herself to personal liability to debt. Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685.

In construing the above statutes, our courts have held that marriage does not release the wife from her antenuptial debts and that she may execute an agreement extending the time of the payment thereof, without the joinder of her husband, when its purpose is to extend the time of payment of a note executed for the benefit of her separate property or the extension of a lien thereon, on the theory that such renewals and extensions may thus conserve her estate and possibly prevent a loss or sacrifice to her. Caddel Lumber Co. v. Jones, Tex. Civ.App., 100 S.W.2d 181; Uvalde Rock Asphalt Co. v. Ralls-Schmidt, Tex.Civ.App., 91 S.W.2d 482; Speer's Marital Rights (3rd Ed.) p. 211, § 156; 23 Tex.Jur. p. 214, § 178.

In the instant case appellee, Mrs. Jones, obtained none of these advantages by the execution of the note sued on. On the contrary, if she is held liable thereon, she will be deprived of a valuable right for which, in so far as the record shows, she will receive no present or future benefits.

It has been uniformly held in this state that the statutes of limitation do not affect the debt itself but that they involve only the remedy for its collection. It follows that when a creditor has permitted his debt to become barred by the statutes of limitation his remedy is lost and it can only be renewed by the execution by the debtor of a new and valid contract. In order for a contract of this character to be valid, it must be made by one with the legal capacity to make it. Under the statutes of this state, a married woman is not vested with the authority to execute a contract, without a joinder of her husband, in the absence of an affirmative showing that it is such a contract as she is authorized by statute to make.

Since the appellant herein did not obtain findings of fact and conclusions of law from the trial court, it is our duty to presume that the court found every fact

which has support in the evidence or which is in accord with the judgment rendered, including the fact that the note sued on was not given for purposes authorized by statutes of this state.

 Further, in the absence of a finding by the court of facts constituting exceptions to the statutory rule, the note sued on was not void but was voidable only, at appellee, Mrs. Jones', instance, and where, as in the instant case, coverture is pled and is established as a defense to the suit on said note, neither she nor her husband are liable thereon. Service Parts Co. v. Bizzell, Tex.Civ.App., 120 S.W.2d 919; Currie v. Melton, Tex.Civ.App., 96 S.W.2d 806; Thomason v. Haskell National Bank, Tex. Civ.App., 56 S.W.2d 242.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.