JOHN F. GRANT LUMBER COMPANY V. MRS. H. CONGER JONES ET VIR.

No. 7890. Decided October 14, 1942.
(164 S. W., 2d Series, 1019.)

*Wood, Morrow, Gresham & McCorquodale* and *Roland Johnson,* all of Houston, for plaintiff in error.

Since the note in question was executed by the same person, though since married, as the feme sole who executed the original note, for payment of material used in improving property owned by her before marriage, it was error for the court to enter judgment in her favor against plaintiff. Bellamy v. Oklahoma F. & M. Co., 278 S. W. 180; Livesay v. First Natl. Bank of Lockney, 57 S. W. (2d) 86; 28 Tex. Jur. 97, 245, 286, 290.

*Ben F. Foster,* of San Antonio, *Phil B. Foster* and *Julian LaCrosse,* both of Del Rio, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought December 20, 1939, in the County Court at Law in Harris County, by the plaintiff in error John F. Grant Lumber Company, against Mrs. H. Conger Jones and her husband, to recover on a promissory note executed by Mrs. Jones, alone, to the Lumber Company on April 10, 1937. The note, according to its terms, was payable December 1, 1937. At the time this note was executed by Mrs. Jones, she and H. Conger Jones were husband and wife and were living together as such, and so continued to live at the time this case was tried. Mr. Jones never consented in any way to the execution of said

note. The note was executed for the purpose of renewing a pre-existing debt which Mrs. Jones, prior to her marriage, had incurred to the Lumber Company, and which debt was more than four years past due at the time the note herein sued on was given. The said pre-existing debt was evidenced by a promissory note executed by Mrs. Jones at the time the debt was incurred. Upon the trial of the case, the trial court rendered judgment that the plaintiff, the Lumber Company, take nothing. That judgment has been affirmed by the Court of Civil Appeals, 151 S. W. (2d) 944. The Lumber Company has been granted the writ of error.

■ The precise question of law presented for decision is whether or not—in case the husband and wife are living together,—the wife, acting alone, has legal capacity to make a valid contract for the extension of the time of payment of a debt, more than four years past due, which was duly incurred by her before her marriage. It is settled in this State that a married woman has no legal capacity to make a binding contrait except in cases provided by statute. In a word, she does not possess the general power to contract. The disability of the wife appertains to the marriage relation and does not result from any natural deficiency. See Lee v. Hall Music Co., 119 Texas 547, 551, 35 S. W. (2d) 685, and cases there cited.

We find no statute which justifies the conclusion that, under the facts of this case, Mrs. Jones had legal capacity to make the promissory note upon which this suit is founded. It is true that by the terms of various statutes (R. S. 4613 et seq.,) the wife is expressly authorized to manage and control her separate property, and certain classes of community property provided in the statutes. Undeniably this grant of power in relation to property implies the investment of legal capacity to execute the power granted. Lee v. Hall Music Co., supra. Nevertheless, in a fact situation such as here involved, there is no statute which either expressly or by reasonable implication invests the wife with legal capacity to renew a pre-existing debt or to make a valid contract in respect to its payment.

It is our conclusion that the renewal note executed by Mrs. Jones imposed no legal liability either on her or on her husband. When she executed said note she still remained charged with the debt which she incurred prior to her marriage—but to the enforcement of this debt the defense of limitation has been

interposed herein. Hence, in no aspect of the case does any error appear to have been committed by the trial court in denying the Lumber Company a recovery. The judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court October 14, 1942.