**HUDSON et al. v. CAFFEY et al.**

No. 6106.

Court of Civil Appeals of Texas. Texarkana.

April 4, 1944.

Rehearing Denied April 13, 1944.

Grady Owen, of Brownwood, for appellants.

T. J. Ramey and J. C. Jackson, Jr., both of Sulphur.Springs, for appellees.

HALL, Chief Justice.

This is an action in trespass to try title and to remove cloud from title instituted by appellees against appellants to a tract of land located in Hopkins County. Appellants answered by numerous exceptions, all of which are overruled, general denial, and plea of not guilty. Trial was to the court without a jury and resulted in a judgment removing the cloud cast by a certain deed hereafter discussed, and awarding to all the parties, both appellees and appellants, their proportionate undivided interest to the land in controversy, subject to the homestead rights of Mrs. L. J. V. A. Caffey.

In August, 1938, J. B. Caffey and wife, L. J. V. A. Caffey, conveyed their community homestead containing 126 acres, the land here in controversy, to their daughter Clara (Caffey) Hudson; said conveyance being a general warranty deed and containing the following provision:

"The undersigned especially reserves the privilege of remaining on said property or premises during their life time, and it is especially agreed and understood that the said Mrs. Clara Hudson is to assist in support and maintenance and find and provide for us suitable to our estate and situation during the term of our natural lives, providing always and upon the condition of the said Mrs. Clara Hudson, her heirs, executors or administrators shall fail or refuse to perform any of the agreements and stipulations above mentioned, then it shall be lawful for the said J. B. Caffey and wife, Mrs. L. J. V. A. Caffey, to take, repossess and enjoy the same in their former estate, otherwise this conveyance shall be in full force and effect at the death of the said J. B. Caffey and wife, L. J. V. A. Caffey; provided, further that in case of the death of the said Mrs. Clara Hudson, the said land herein described shall go to the sisters and brothers of the said Mrs. Clara Hudson, share and share alike, and to their heirs and assigns."

J. B. Caffey died in 1940, and his daughter Clara (Caffey) Hudson died in 1942. The record reflects further that Clara, about the year 1932, went to live with her parents, J. B. Caffey and wife, for the purpose of caring for them and continued to care for both of them until her father's death in 1940; and for her mother until her, Clara's, death in 1942. Since the death of Clara the other children have cared for their mother. E. R. Hudson and his sister, Mrs. Berta Mae Gentry, grandchildren of Mrs. L. J. V. A. Caffey and sole and only heirs of Mrs. Clara Caffey Hudson, deceased, are appellants. Mrs. L. J. V. A. Caffey, her children, and grandchildren,. other than appellants, are appellees.

By their first point appellants assert that the trial court erred in overruling their exception to appellees' petition, because of the absence of a necessary and proper party-defendant, namely, the administrator of the estate of their deceased mother.

Appellees' action was in two counts: trespass to try title, and removal of cloud cast by the deed from J. B. Caffey and wife, L. J. V. A. Caffey, to Clara Hudson, referred to above. In the count to remove cloud from title, appellees among other things alleged "that the said Clara Hudson died intestate and left as her sole and only heirs at law one son, E. R. Hudson, and one daughter, Berta Mae Gentry,

the wife of Marion Gentry, the defendants herein, and no administration was had on the estate of Clara Hudson, and no necessity therefor." The record shows without dispute that there has been no administration of Clara Hudson's estate; that after her death her sole and only heirs, appellants here, sold all her property, paid the debts due by their mother's estate, and divided the balance remaining equally between them. These undisputed facts completely justify the trial court's finding "that there was no administration upon the estate of Clara Hudson, deceased, and no necessity therefor." In Low v. Felton, 84 Tex. 378, 19 S.W. 693, 696, it is said:

"There is no doubt that it is ordinarily necessary, on the death of a defendant, to make the executor or administrator of such person's estate party defendant, before the cause can proceed further; and, if the action be such that such legal representative cannot defend it alone, then the proper case in which to make the heirs defendants arises. *If there is shown to be no necessity for administration, then, under a well-recognized exception to the general rule, it would only be necessary to make the heirs parties."* (Italics ours.)

See also Stanley v. Stanley, Tex.Civ. App., 139 S.W.2d 876; French v. French, Tex.Civ.App., 148 S.W.2d 930, writ dismissed.

■■■ By several points appellants contend that the trial court erred in holding that the provision, copied above, of the deed constitutes a condition subsequent. This, in our opinion, presents the controlling issue in this case. Notwithstanding the quoted provision in the deed from J. B. Caffey and wife, the estate conveyed thereby vested immediately in Clara Hudson, deceased, subject, of course, to the possibility of re-entry by grantors on condition broken. 26 C.J.S., Deeds, p. 482, § 147, subsec. b(2). It is the general rule that a deed will be construed most strongly against the grantor. Pitts v. Camp County, 120 Tex. 558, 39 S.W.2d 608. In 26 C.J.S., Deeds, p. 469, § 141, subsec. d, it is stated that:

"A construction holding the language of a deed to create a condition subsequent is not favored, and will not be adopted where it will admit of any other reasonable interpretation; but where the language creating the condition is clear and specific it will be enforced."

"No particular words are necessary to create a condition subsequent in a deed, but the condition must be fairly expressed in the deed, and apt and sufficient words employed."

The intention of the parties to the deed must be arrived at by a consideration of the instrument in its entirety, "especially where there are express words used." In Texas Rural Communities v. Avary, 113 S.W.2d 597, 600, opinion by Justice Folley of the Amarillo Court of Civil Appeals, now a member of the Commission of Appeals, it is said:

"The jury found that the appellant and its sublessees had violated three distinct provisions of the lease contract, all of which, we think, were conditions subsequent in the lease, and for the breach of which the parties contracted a forfeiture. Although we recognize the rule that forfeitures are harsh and punitive in their operation and are not favored by the law, yet, where parties contract for a forfeiture, the defaulting party and not the law is responsible for any hardships that may result by reason of the failure to perform the conditions of the contract. We think the language of the lease contract in the instant case is clear and unmistakable. It is subject to no other reasonable construction than that given it by the trial court. Such being the case, we think an action in trespass to try title was a proper remedy and that the question of damages as far as the appellant is concerned is not an issue in the case."

■■ Applying the foregoing rules to the deed from J. B. Caffey and wife, L. J. V. A. Caffey, to Clara Hudson containing the provision heretofore set out, it is our opinion that a condition subsequent was created for the breach of which appellee L. J. V. A. Caffey had the right to re-enter and repossess the land here involved. Indeed, the above-quoted provision expressly so provides. In the well-considered case of Alford v. Alford, 1 Tex.Civ.App. 245, 21 S.W. 283, 285, Justice Williams of the Galveston Court of Civil Appeals, later of the Supreme Court, said:

"Looking on the purpose of the conveyance, we think the intention was to vest in the grantees the present possession and enjoyment of the land, subject to the reserved right of the grantor to live on it also, and have such use of it as was consistent with the right conferred on the

grantees, and was proper to enable them to care for, support, and maintain him there, as agreed upon, but that the title was never to pass unless at the death of the grantor the agreement had been fully performed. This imposed upon appellants, at all times, the burden of doing the things required by the contract, and a failure at any time to do so worked a forfeiture of any right they may have acquired under the deed. This would be the case, also, if the title vested subject to the condition to be thereafter fulfilled. Tied. Real Prop., § 277. It follows from this that, in either view of the instrument, if appellants had broken their contract before the suit was brought, the title which appellee conveyed to them was determined, and his right to recover the property became perfect."

The obligation imposed by the deed not only rested upon Clara Hudson, deceased, during her lifetime, but also upon her heirs (appellants) after her death, as long as either J. B. Caffey or Mrs. L. J. V. A. Caffey lived. The very condition against which the grantors, the aged and infirm parents of Clara Hudson, were guarding against when they conveyed to her the homestead has occurred. Unquestionably Clara Hudson during her lifetime scrupulously carried out the provision in the deed to care for her mother and father, but since her death her children, appellants here, have done nothing towards carrying out the provisions of the deed in aid of their helpless grandmother. The facts show without dispute that appellee L. J. V. A. Caffey is about seventy-nine years old, blind in one eye, crippled to such extent that she is unable to rise to her feet without assistance, and cannot walk without aid of crutches; and although able to partially care for herself when helped to her feet, she is in constant need of assistance; that appellants' residence is far removed from that of their grandmother, and since their mother's death only Berta Mae has visited her grandmother and then but one time. The evidence shows that appellee Mrs. L. J. V. A. Caffey has exercised her right expressed in the deed and repossessed her homestead. The able judge who was the trier of the facts in this case heard all the testimony and noted the circumstances connected therewith. He saw the witnesses, heard them testify, passed upon their credibility and weighed their testimony. In our opinion, the judgment rendered by the trial court upholding the right of appellee Mrs. L. J. V. A. Caffey to repossess the property under the express provision of the deed is amply supported by the record herein.

We have examined all other points brought forward by appellants, they are thought to be without merit, and are overruled.

The judgment of the trial court is affirmed.