CITY OF DALLAS V. I. G. ETHERIDGE

No. A-3607. Decided December 10, 1952.
Rehearing overruled January 14, 1953.
(253 S. W., 2d Series, 640.)

10

*H. P. Kucera,* *H. Louis Nichols* and *Charles C. Wells,* all of Dallas, for petitioner, City of Dallas.

The Court of Civil Appeals erred in holding that the title to the property granted to petitioner for park purposes reverted

to respondent by virtue of a condition precedent on the grounds of nonuse. And in holding that respondent was not barred from recovery by virtue of the four and ten year statutes of limitation. Reynolds v. City of Alice, 150 S.W. 2d 455; City of San Antonio v. San Antonio Academy, 259 S.W. 995; Texas Company v. Davis, 93 S.W. 2d 180; Jones v. McLain, 41 S.W. 714.

*Odeneal, Herndon & Franklin and Wallace C. Franklin, Jr.,* all of Dallas, for respondent, I. G. Etheridge.

In rebuttal to abovementioned points of petitioner, respondent cites Spinks v. First Christian Church of Vera, 273 S.W. 815; Gulf Bitulithic Co. v. Nueces County, 297 S.W. 747; Jackson v. Nacogdoches, 188 S.W. 2d 237.

MR. JUSTICE CALVERT delivered the opinion of the Court.

I.G. Etheridge, as plaintiff, instituted this statutory trespass to try title action against the City of Dallas as defendant. Trial was to the court and fee title to the property was found to be in the plaintiff but right of possession was adjudged to be in the defendant. The Court of Civil Appeals held that the plaintiff was entitled, as a matter of law, to recover possession of all of the land involved except such part as the evidence might show had been used for a sufficient length of time and under such circumstances as to vest in the public a prescriptive right to the continued use of the same for street purposes. The judgment of the trial court was reversed and the cause was remanded to the trial court for the limited purpose of permitting the defendant to establish, if it could, the identity of that part used for street purposes and a prescriptive right thereto. *246 S.W. (2d) 692.*

The claim of the City of Dallas to the right of possession of the greater part of the property involved in this suit arises out of a conveyance, dated January 29, 1929, from City and County of Dallas Levee Improvement District, plaintiff's predecessor in title and then owner thereof. That conveyance reads in part as follows:

"* * * That the City and County of Dallas Levee Improvement District * * * does hereby grant unto the said City of Dallas the free and uninterrupted use of that certain tract * * *. The use and occupancy of said tract of land is granted upon the following conditions, to wit:

"(1) That the said City of Dallas shall use said land for park purposes only.

"(2) That no building or other improvements shall be erected upon said tract of land within fifty (50) feet of the toe of the levee now constructed along the east side thereof.

"(3) That no act or thing shall be done or permitted to be done in or about the premises which will in anywise impair the safety or usefulness of the levee on the east of said tract of land.

"(4) That the City and County of Dallas Levee Improvement District shall have the right of ingress and egress at any and all times to all of said tract for the purposes of maintaining said levee.

"(5) All of the above provisions are made a part of the consideration for this grant, and a violation of any of them shall, at the option of said City and County of Dallas Levee Improvement District, terminate this grant or agreement * * *."

Our disposition of this phase of the case rests upon conclusions we have reached as follows: 1. The condition contained in the foregoing conveyance, that the land should be used for park purposes only, is a condition subsequent and not a condition precedent. 2. The building by the City of a public road through the property was a violation of the condition. 3. The four year statute of limitations was not available to the City as a defense to plaintiff's suit to recover possession of the property. 4. There is in the record no evidence of probative force to support a judgment in favor of the City based on the ten year statute of limitations and adverse possession. We will now note briefly some of the reasons for our conclusions.

■ 1. The general rule that instruments of conveyance should be interpreted so as to ascertain and effectuate the intention of the parties is applicable in determining whether a condition is a condition precedent or a condition subsequent. Hudson v. Caffey, Tex. Civ. App., 179 S.W. 2d 1017 (writ refused); 12 Tex Jur. §83, p. 126, 19 Am. Jur., §66, p. 528.

The opinion of the Court of Civil Appeals correctly states the distinction between the two types of conditions in the following language: "A condition precedent in an instrument affecting the title to land is said to be one which must take place before the estate can vest or become enlarged, while a condi-

tion subquent is one which operates upon an estate already created and vested, the latter rendering the estate so created and vested liable to be defeated. Wiederanders v. State, 64 Texas 133; 17 Tex. Jur., p. 109, sec. 9." Analyzing the instrument here in the light of the foregoing rules we find no peculiar provision or language contained therein indicating an intention that the land should be developed for use as a park before the estate conveyed would vest. On the contrary, the language of paragraph (5) of the conveyance indicates an intention on the part of the grantor that the condition contained in paragraph (1) should fall in the same general category as the conditions and restrictions contained in paragraphs (2), (3), and (4), and all of these conditions and restrictions clearly contemplated a present vesting of the estate conveyed. These very provisions of the conveyance will distinguish this case from the case of Spinks v. First Christian Church of Vera, Tex. Com. App., 273 S.W. 815 on which the plaintiff relies in seeking to have the condition held to be a condition precedent. Moreover, if the language of the conveyance left us in doubt it would be our duty to hold that it imposed a condition subsequent rather than a condition precedent. Davis v. Skipper, 125 Texas 364, 83 S.W. 2d 318. In the case of Bell County v. Alexander, 22 Texas 350, 351, at page 364 it is said: "And it is well settled, that, if the act does not necessarily precede the vesting of the estate, but may accompany or follow it; if this is to be collected from the whole will, the condition is subsequent."

■ 2. In 1929 or 1930 the City of Dallas cut a public road through the property and since that time has kept the road graded and graveled and otherwise suited to public use. There is no evidence in the record that this road was built to further the public's use and enjoyment of the property as a park. On the contrary the evidence in the record shows conclusively that such was not the purpose of the road. The use of a part of the property as a public road under the facts shown was inconsistent with the purpose to which the City was required to devote the property and was a breach of the condition of the easement. El Paso Union Passenger Depot Co. v. Look, Tex. Civ. App., 201 S.W. 714; affirmed, Com. App., 228 S.W. 917; 39 Amer. Jur., p. 281, sec. 25; 18 A.L.R. 1248; 63 A.L.R. 486; 144 A.L.R. 492.

3. When a part of the property was devoted by the City to road purposes the grantor's right to terminate the grant and to recover possession of the land arose immediately. No steps were taken by the Levee District to reenter or to recover pos-

session of the land by suit during its ownership of the fee which continued until its conveyance thereof to the plaintiff Etheridge on October 1, 1944. Etheridge reentered and took possession of the property in April 1945. Based on the failure of the Levee District to declare a forfeiture of the easement or to sue during its ownership of the fee the City contends that the right to terminate the easement and recover possession of the premises was barred by the four year statute of limitations, or, in the alternative, by the ten year statute of limitations.

■ In considering the defense of the four year statute it must be remembered that such statutes of limitations do not affect the substantive rights of parties; they merely bar the remedy by which one party seeks to enforce his substantive rights. American Nat. Ins. Co. v. Hicks, Tex. Com. App., 35 S.W. 2d 128; John F. Grant Lbr. Co. v. Jones, Tex. Civ. App., 151 S.W. 2d 944, affirmed 139 Tex. 647, 164 S.W. 2d 1019. So it is that in this case the issue is not whether the plaintiff's right to terminate the easement for condition broken is barred but whether the right of the plaintiff to obtain relief by way of suit is barred. That issue is to be resolved by the wording of the statute and by the nature of the suit.

■ Article 5529, V.A.C.S. provides: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years * * *." But the provisions of this statute do not bar the relief sought in this case because this suit is "one for the recovery of real estate." When the City violated the condition subsequent and Etheridge as successor to the rights of the Levee District exercised his option to terminate the grant, the easement for park purposes was defeated and Etheridge was vested with the original fee simple estate of the grantor, freed of the burden of the easement, just as though no such easement had been conveyed. Alford v. Alford, 1 Tex. Civ. App. 245, 21 S.W. 283 (no writ history); Vincent v. Gurley, Tex. Civ. App., 27 S.W. 2d 260, 262 (no writ history); Thompson on Real Property, Vol. 3, p. 145, § 2069; 12 Texas Jur., p. 136, § 89; 19 Am. Jur., § 86, p. 548. In the Alford case it was specifically held that the remedy of a grantor upon condition broken was by way of trespass to try title action and not by way of suit to rescind or cancel the deed. It follows that the four year statute was not available to the City as a defense to the plaintiff's suit. In this connection it should be noted that the City does not claim that the Levee District waived its right to declare a forfeiture or that it was estop-

ped to do so and we therefore do not decide whether the evidence was such as to raise those issues.

■ 4. We agree with the Court of Civil Appeals in its conclusion that there is no evidence of probative force in the record that the City had matured title under the ten year statute of limitations, either to the fee or to an easement for park purposes. Other than cutting the road through the property and maintaining the road, the only use of the property or activity thereon by the City was the occasional cutting of weeds. The cutting of weeds was not such use of the property as to meet the requirements of Article 5510 V.A.C.S. for establishing title by adverse possession. The acts of the City in building and maintaining the road would not serve to mature a fee simple title to the property because there is no evidence that the City was claiming the fee title thereto. These acts would not serve to mature a title by limitations to an easement for park purposes because they were wholly inconsistent with such an easement; they could not have been inconsistent with the use of the property for park purposes, which we have held that they were, and at the time have been such use of the property for park purposes as to establish an easement for such purposes.

We agree also with the Court of Civil Appeals that there is evidence to support the trial court's finding of a prescriptive right in the public to the use as a public road of the area included in the gravel roadway but that the trial court's judgment on this phase of the case cannot stand for lack of evidence defining the boundaries of this area.

■ There is a second phase of the case. It involves the right of the plaintiff to have a part of the property in suit freed of an easement claimed by the City for maintaining the Cadiz Street viaduct. The Levee District executed and delivered to Dallas County on June 28, 1929, a written instrument by which it dedicated to the county for street purposes a strip of land 100 feet wide and 2455 feet long. It was along and over this strip of land that the Cadiz Street viaduct was built in 1931. At the time the deed of dedication was executed the Levee District owned the fee title to much the greater part of the land included in the strip and the judgment of the trial court properly confirmed in the City the right to the possession of this part of the dedicated strip because the City succeeded to the rights of the county when the area was incorporated in the city limits. Feris v. Bassett, Tex. Civ. App., 227 S.W. 233. The dedicated strip

crossed a small part of the property in suit fee title to which was owned at the time by the plaintiff and to which the Leevee District owned only an easement for levee purposes. Obviously the deed of dedication executed by the Levee District was wholly ineffective to give rise to any legal rights in the county or the city to this land. However, the viaduct was constructed along and over the strip in 1931 and it has been used as a public street and thoroughfare ever since. The record reflects, as a matter of law, that the public has acquired a prescriptive right to the use of this strip as a public street and the trial court properly denied plaintiff a recovery thereof.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause is affirmed but retrial shall be consistent with our holdings that the evidence, if the same as on this trial, raises an issue of fact of a prescriptive right in the public to the use of that part of the property in suit included in the area of the graveled roadway and that it establishes an easement by dedication for street purposes for maintaining the Cadiz Street viaduct along and over that part of the property to which the Levee District held fee title at the time of the execution of its dedication deed on January 28, 1929, and a prescriptive right to the use for street purposes of that part of the property traversed by the Cadiz Street viaduct to which neither the City nor the County ever acquired a conveyance. In any judgment entered the right of the plaintiff to the use of the land included in the viaduct easement, not inconsistent with the public use, shall be protected. 14 Tex. Jur., p. 734, § 39.

Opinion delivered December 10, 1952.

MR. JUSTICE WILSON, joined by Justice Sharp, dissenting.

I agree with the law announced in the majority opinion. but respectfully dissent from the judgment. The case should be remanded for a full development of the facts in justice to the people of that neighborhood who are the real beneficiaries of the dedication. The question of whether streets built over land dedicated to park purposes work a forfeiture of the dedication is one of fact. The question here is whether the streets hinder the development of the area as a park even though the city's purposes in putting them in may have been to connect up the street stystem.

In El Paso Union Passenger Depot Co. v. Look, 228 S. W.

917, the court made it plain that one of the reasons for prohibiting the construction of the sidewalk in that case was that it did not in any way further the use of the land as a park. On the contrary, the only purpose and effect was to open adjacent property for business purposes. The construction of this sidewalk was a compromise worked out in the settlement of a lawsuit between the city and the owners of adjacent property. The court said:

"* * * The case appears to be one where the city made use of the park property to adjust its lawsuit, resulting in an appropriation of a part of the park property for the benefit of the defendant Look. The laying of the walk under such circumstances was a diversion of the property from park purposes, as held by the Court of Civil Appeals."

This has been so interpreted in an A.L.R. annotation (18 A.L.R. 1249).

"It was held in Look v. El Paso Union Pass. Depot Co. (1921) —Tex. Com. App.—, 228 S. W. 917, that while to lay sidewalks through and around parks is not necessarily a diversion of that part of the park so used to other than park purposes, where the purpose on the part of a city, in laying a sidewalk along the outside of a park, is to secure an adjustment of its lawsuit with a private individual in reference to the title of land adjoining the park, and the laying of such sidewalk results in an appropriation of a part of the park property for the benefit of a private party, the laying of the walk, under such circumstances, is a diversion of the property from park purposes."

The fact that the city has not as yet developed the property for park purposes is immaterial since there was no time limitation placed upon the city in which to accept the dedication.

There is no proof upon the question of whether or not the property, including the present streets, is susceptible to development for park purposes. The record contains no testimony upon the adaptability of this land to park purposes or the need for a park at that place from any employee of the park department, engineer, member of the Park Board, or other specialist in this field. This particular land lies behind river levees in a congested part of the city inhabited principally by low income citizens. Since it is potentially a slum area, and since this is a public question I would remand in the interest of justice for further factual development before allowing the original dedicator's

purpose to be defeated by the city's unauthorized action in using part of the land for streets.

Associate Justice Sharp joins in this opinion.

Opinion delivered December 10, 1952.

Rehearing overruled January 14, 1953.