HARRIS COUNTY, Texas, Appellant,

v.

James Warren COLLIN et al., Appellees.

No. 7452.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 29, 1963.

Rehearing Denied Feb. 26, 1963.

Joe Resweber, Joseph T. Terracina, Houston, for appellant.

Kucera, Lay & Lightfoot, Houston, for appellees.

CHADICK, Chief Justice.

This is a trespass to try title suit. The judgment of the trial court is reversed and the case remanded for new trial.

By a properly acknowledged and recorded Warranty Deed dated April 18, 1947, Anna S. Stratford, a widow, conveyed to Harris County, Texas, a 4.08 acre tract of land in a subdivision called Highland Terrace, near the City of Highland, Harris County. Following the description this language was written into the deed, to-wit:

"It is understood by both parties hereto that the said Anna S. Stratford reserves and retains all mineral rights in the property herein conveyed and it is further understood and agreed that the property herein conveyed is to be used as a Park and/or for recreation purposes and in the event same is not used for said purposes for three consecutive years, then in that event the title to same shall automatically revert to . and be vested in the Vendor, Anna S. Stratford, her heirs or assigns."

Shortly after Mrs. Stratford transferred the tract's title to Harris County the Highland Booster Club, a civic organization began a campaign to put it to use. A county employee using county equipment cleared

the grounds, at least in part. The Booster Club purchased paving shell to the amount of $300.00 which the county spread on the road leading to the park. A ball diamond was laid out with bleachers for spectators. A community barbecue and park dedication ceremony was held at the park. Ball games were played at the park for some time. However, similar activity did not continue past the year 1951. In that year the Civic Club by formal resolution discontinued its support of the recreational program it was instrumental in starting at the park. The record also contains the testimony of a witness that he was upon the tract for recreational purposes once or twice a year from 1948 until the time of the trial, and that "lots of people", including his son, used the tract for hunting "rabbits and so forth". It was admitted in evidence that a county bulldozer and operator did some clearing of the tract some time in 1959, "about the time this lawsuit was filed".

A witness living within one block of the tract in replying to a question as to what use had been made of the property after the original barbecue and ballgames, answered "none". Another witness testified that the citizens went together and cleared up the underbrush on the tract some time prior to Labor Day in 1948, and identified certain pictures offered in evidence that depicted portions of the park area at the time of the suit. The parts of the tract these pictures show appear to be thickly covered with grass, weeds, and in places, new growth and mature trees. Another witness who had lived in the vicinity of the tract 13 years, the back door of his house being some 250 feet from the tract, testified that he was at the dedication and barbecue, and that after 1948 he could not remember seeing the grounds used for games or sports. Several of the witnesses testified without the objection that the tract was not used for a park or recreational purposes after 1950.

James Warren Collin, individually, and as Trustee of the Estate of Anna S. Stratford, Thomas J. Collin, Norma Ann Collin, and Pauline Collin, as Plaintiffs, sued Harris County, Texas, as defendant, for title and possession of the tract in a statutory trespass to try title action. No question involving pleadings is presented and descriptions thereof are omitted. The trial judge submitted three issues to the jury. The jury's response to the first and second issue was that the land was not used as a park or for recreation for three or more consecutive years between November 23, 1948 and September 7, 1959. The verdict on the third issue was that the plaintiffs' failure to assert a claim of title before September 7, 1959, did not constitute a waiver of such claim. Judgment on the jury findings awarded title and possession of the 4.08 acre tract to the plaintiffs and decreed their proportionate individual interest therein.

Harris County has perfected an appeal and has briefed twenty-eight points of error. No evidence and insufficient evidence to support the jury's verdict upon each of the special issues are among the points briefed, in addition to points that the jury's verdict on each of the special issues is against the overwhelming weight and preponderance of the evidence. The insufficient evidence points as to the first and second issues are sustained.

"Park" and "recreation" are both terms with such breadth of meaning in popular understanding that they might be applied to widely differing grounds and pursuits. Parks range from very small plots to immense land areas, and from formal gardens to tracts in their natural primitive state. The opinion of the Supreme Court of Pennsylvania in Laird v. City of Pittsburg, 205 Pa. 1, 54 A. 324, 61 L.R.A. 332; in the course of its discussion of what constitutes the legitimate scope of park purposes says:

> "A public park, in the popularly accepted meaning of the present time, may be comprehensively defined as a public pleasure ground. * * * No doubt the idea of open air and space, with the land kept in grass and trees, as if approximately in the state of nature, still

inheres in the general understanding of the word * * *."

In this instance it would be reasonable to assume that when Mrs. Stratford made the dedication and it was accepted the parties intended the park to be one of a nature appropriate to the use and beneficial to the people of Harris County, and particularly those in and near the community where it was located. Mrs. Stratford's deed did not require that the tract be improved or changed from its natural state. Nor did the deed particularize or limit the park or recreational purposes the land might be devoted to. Recreation ordinarily is understood to mean activities and pursuits that refresh and replenish, by giving the body or mind rest from routine surroundings and work.

All parties to this litigation agree that a dedication of the land was made and accepted, and tacitly agreed that holding a community gathering, attending and playing games, etc., at Stratford Park, as the tract came to be known, was a use of its grounds within the intent and purpose of the dedication. Under the circumstances shown it appears equally reasonable to say that the tract would be devoted to park and recreational purposes when it is set aside for, open and available to individuals and groups comprising the public that might disengage themselves from their work-a-day commitments and repair to the park, where, in the tranquillity of its natural verdure, they might commune with nature, camp out, cook out, or chase rabbits.

The conclusion is inescapable that at all times after dedication the tract of land was susceptible to use for park and recreational purposes; that it was originally but little altered and thereafter permitted to revert to its natural state is not inconsistent with public user. But for slight evidence to the contrary, yet to be discussed, public user would be presumed. See Compton v. Waco Bridge Co., 62 Tex. 715; Phillips v. Texas & Pac. Ry. Co., Tex.Com.App., 296 S.W. 877; Heard v. Connor, Tex.Civ.App., 84

S.W. 605, N.W.H.; Dedication, 19 T.J.2d, Sec. 31, p. 216; 26 C.J.S. Dedication § 45.

█ The public was the real transferee of the use of the Stratford Park tract, though the deed transferred legal title to the County to hold the land as Trustee for the public. Miller v. Dallas County, Tex. Civ.App., 71 S.W.2d 377, N.W.H.; Slack v. Magee Heirs et al., Tex.Civ.App., 252 S.W.2d 274, aff'd, 152 Tex. 427, 258 S.W. 797; 14 T.J. 689, Sec. 6; 26 C.J.S. Dedication § 9, p. 412. The evidence is without dispute, or nearly so, that the public as beneficial owner by and through its Trustee, Harris County, set this ground apart as a park, and has by so doing devoted Stratford Park to and used it for park and recreational purposes without interruption between the time of its dedication and trial of this lawsuit. The evidence offered by the appellees in its most favorable aspect was that the public did not physically go upon the park grounds and use them except for a year or two shortly after its dedication. There is no suggestion that it was diverted to inconsistent uses. At most, the supportive evidence suggests nonuser; and nonuser is a factor to be considered in determining abandonment of dedicated lands in cases where the dedication is not limited in time as is the case here. 26 C.J.S. Dedication § 63b, p. 555. See also City of Dallas v. Etheridge, 152 Tex. 9, 253 S.W.2d 640. By analogy the same rule applies here, as in this instance nonuse for three consecutive years is the condition that defeats title. The evidence of nonuse is next discussed.

█ Though witnesses testified without objection that the park had not been used for park or recreational purposes from 1950 or 1951 until the time of the trial, and one witness testified simply that no use had been made of the tract of land during that period, such testimony amounts to little more than a scintilla of evidence. No probative effect may be given the witnesses' expressed opinions that the tract was not used for the mentioned purposes. The opinions are based on the witnesses' determination of

what constitutes a park or recreational purpose. Nor does this particular testimony appear to be merely a "shorthand" rendition of numerous observable events. Such evidence should have been excluded had an objection been made to its admission. See 2 Texas Law of Evidence (McCormick & Ray) Secs. 1391, 1393, and 1426, and cases cited in the notes thereto. The rule is that such inadmissible opinions or conclusions will not support a verdict. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377; Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Dallas Railway & Terminal Company v. Bankston, Tex.Com.App., 51 S.W.2d 304; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819, 43 L.R.A. 593; 21 Texas Law Review, p. 782.

The single witness's statement that no use had been made of the tract appears to have probative value as negative testimony and was admissible. See 1 Texas Law of Evidence (McCormick & Ray) Sec. 794. When all supportive evidence, including the inferences of abandonment to be drawn from the conceded slight use the public made of the park ground, the whole amounts to some evidence supporting the verdict on the first and second issue. However, such evidence is too weak and inconclusive to sufficiently support the jury's findings. A clear showing of nonuser must be made. City of Dallas v. Etheridge, supra; Dedication, 19 Tex.Jur.2d Sec. 49, p. 235. Additionally, if the points were reached, when the undisputed evidence and the proof as a whole is weighed, the overwhelming weight and preponderance challenge would have to be sustained.

For the purposes of this appeal it is immaterial whether the language from the dedication deed, quoted in the forepart of the opinion, constitutes a conditional limitation of title or creates a condition subsequent. See Lawyers Trust Company v. City of Houston, Tex., 359 S.W.2d 887. For

ease of expression the term limitation and condition have both been used without intending to decide issues in that respect.

The judgment of the trial court is reversed and the case is remanded for new trial.